# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AMERISOURCEBERGEN DRUG    :
CORPORATION    :
1300 Morris Drive    :
Chesterbrook, PA 19087    :    CIVIL CASE NO.  2:16-cv-09464-JMV-JBC
   :
              Plaintiff,    :
   :
      vs.    :
   :
JAMES F. ZAMBRI    :
2020 Winding Brook Way    :
Scotch Plains, NJ  07076    :    **CERTIFICATION IN SUPPORT OF**
   :    **REQUEST FOR ENTRY OF DEFAULT**
            Defendant.    :    **JUDGMENT**

Robert Allberry, hereby certifies as follows:

1.     I am an Accounts Receivable Manager for AmerisourceBergen Drug Corporation ("ABDC"), Plaintiff in this action.  The facts stated herein are based on my personal knowledge, the business records of ABDC maintained in the ordinary course of business and the bankruptcy pleadings and orders of JVJ Pharmacy Inc. d/b/a University Chemists ("JVJ").

2.     As set forth in ABDC's Complaint, Defendant James F. Zambri personally guaranteed the payment of obligations owed by JVJ to ABDC.

3.     JVJ filed a chapter 11 bankruptcy case on November 3, 2011.  At the time of this bankruptcy filing, JVJ owed ABDC $564,065.10, as reflected in the proof of claim filed by ABDC on February 6, 2012 ("Debt I").  A true copy of ABDC's proof of claim is attached hereto as Exhibit A.

4.      JVJ filed a second amended plan of reorganization that was confirmed by the bankruptcy court on August 6, 2013.   Attached hereto as Exhibit B is a true copy of the Confirmation Order entered by the bankruptcy court.

5.      Under its second amended plan of reorganization, JVJ agreed to pay the amounts due on ABDC's claim in periodic installments, with interest to accrue at 6% per annum.   A true copy of JVJ's second amended plan of reorganization as confirmed by the court is attached hereto as Exhibit C.   The allowance of ABDC's claim and the payments to be made on account of that claim are addressed at page 8 and 9 of the second amended plan of reorganization.

6.      Attached hereto as Exhibit D is the statement that reflects the principal balance remaining due on Debt I.

7.      JVJ continued to make purchases from ABDC after its November 2011 bankruptcy.  Attached hereto as Exhibit E is a true copy of the statement evidencing the principal amount due for purchases made by JVJ from January 16, 2016 through March 3, 2016, the date of its second bankruptcy filing ("Debt II").

8.      Credits in increments of $15,000 reflected on Exhibit E are the post-bankruptcy "adequate protection" payments made in accordance with orders of the bankruptcy court in the second bankruptcy case.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: April 13, 2017

Robert Allberry

2

# EXHIBIT A

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  JVJ Pharmacy, Inc. d/b/a University Chemists | Case Number:  11-15126 (reg) |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

AmerisourceBergen Drug Corporation

Name and address where notices should be sent:

Jeffrey D. Kurtzman, Esquire c/o Klehr | Harrison | Harvey | Branzburg, LLP
1835 Market Street, Suite 1400
Philadlephia, PA  19103

Telephone number:   (215) 569-4493    email:   jkurtzman@klehr.com

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):




Telephone number:            email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:      $_____564,065.10_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:     goods sold
   (See instruction #2)

| 3.  Last four digits of any number by which creditor identifies debtor:  2  0  5  5 | 3a.  Debtor may have scheduled account as:  (See instruction #3a) | 3b.  Uniform Claim Identifier (optional):  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _  (See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ☑Other
Describe:  collateral described in attached UCC-1

Value of Property: $   unknown

Annual Interest Rate 18.000% ☑Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection:   security agmt. & UCC-1 and right of setoff

Amount of Secured Claim:   $   564,065.10

Amount Unsecured:   $   unknown

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)                                                                                      2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                        (Attach copy of power of attorney, if any.)      or their authorized agent.          (See Bankruptcy Rule 3005.)
                                                                         (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Jeffrey Kurtzman
Title:       Attorney
Company:     Klehr | Harrison | Harvey | Branzburg, LLP
Address and telephone number (if different from notice address above):        (Signature)                           (Date)   2/4/12

Telephone number:                    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Debtor:  JVJ Pharmacy, Inc. d/b/a University Chemists

Case No. 11:15126 (reg)

Attachment to Proof of Claim
filed by AmerisourceBergen Drug Corporation ("ABDC")

In executing and filing this claim, ABDC is not waiving in any manner or under any circumstances any security interest it now has or may be determined to have at any time, nor is it waiving any claim, action, cause of action, right of set-off or unsecured claim, it may have against debtor or any other entity or person, including the right to assert claims in amounts different from the amounts set forth herein, nor is it waiving any defense, offset, recoupment, counter-claim or similar right or remedy it may now have or at any time have against debtor or any other entity or person or with respect to any legal or equitable proceeding now existing or hereafter commenced.  ABDC reserves the right to amend or supplement this claim in any respect including, but not limited to, the assertion, by proof of claim or other application to this Bankruptcy Court, for any amount that becomes due under any other various agreements, pursuant to court order or otherwise, and continuing costs, fees and expenses (including legal fees and disbursements) arising out of or related to the claims asserted herein.

ABDC files this claim as both secure and unsecured.  The secured claim is based on a perfected blanket lien in all assets of debtor as well as the right of set-off.   To the extent the claim of ABDC is not satisfied from the proceeds of the assets on which it has a lien, ABDC asserts an unsecured claim for any deficiency.  The amount of the unsecured claim can be determined after the assets subject to the lien are liquidated.

The foregoing claim is evidenced by invoices, delivery receipts and the like which are voluminous and therefore not attached to this proof of claim.  The documents are available upon reasonable request to Jeffrey Kurtzman, Esquire, Klehr | Harrison | Harvey | Branzburg, LLP, 1835 Market Street, Suite 1400, Philadelphia, PA .19103; telephone number 215-569-4493.

**AmerisourceBergen**

JVJ Pharmacy Inc.
74 University Plaza
New York, NY

AR Balance as of 11/03/2011

| Account | Ref1 | Ref2 | Ref3 | Ref4 | Invoice | Date1 | Date2 | Cd | Cd | Amount | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000002055 | 5087283.1 | 100057908 | 009709607S | | 070376441 | 04/01/2011 | 04/25/2011 | U2 | 06 | $ 174,589.27 | partial payment of inf |
| 1000002055 | 51035644 | 100057908 | | | 070409333 | | 05/12/2011 | DN | 01 | $ 222,201.91 | RETURNED PYMT. NSF AMT 05/12/11 |
| 1000002055 | 51035644 | 100057908 | | | 800249344 | | 05/12/2011 | DN | 01 | $ 50.00 | NSF FEE 05/12/11 |
| 1000002055 | 51035644 | 100057908 | 023956309 | | 420150854 | 05/03/2011 | 05/25/2011 | Z1 | 11 | $ (09.78) | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023105895 | | 400971637 | 05/06/2011 | 05/25/2011 | Z1 | 11 | $ 7,635.96 | U2 |
| 1000002055 | 51035644 | 100057908 | 023086256 | | 420152077 | 05/06/2011 | 05/25/2011 | Z1 | 11 | $ (368.82) | 02252011 |
| 1000002055 | 51035644 | 100057908 | 023086150 | | 420152078 | 05/06/2011 | 05/25/2011 | Z1 | 11 | $ (368.82) | 0209118 |
| 1000002055 | 51035644 | 100057908 | 023086257 | | 420152079 | 05/06/2011 | 05/25/2011 | Z1 | 11 | $ 348.99 | 02252011 |
| 1000002055 | 51035644 | 100057908 | 023086151 | | 420152080 | 05/06/2011 | 05/25/2011 | Z1 | 11 | $ 348.99 | 0209118 |
| 1000002055 | 51035644 | 100057908 | 023958898 | | 420153573 | 05/10/2011 | 05/25/2011 | Z1 | 11 | $ (495.76) | 09091318 |
| 1000002055 | 51035644 | 100057908 | 022086903 | | 420153574 | 05/10/2011 | 05/25/2011 | Z1 | 11 | $ 245.91 | 012011 |
| 1000002055 | 51035644 | 100057908 | 022086901 | | 420153575 | 05/10/2011 | 05/25/2011 | Z1 | 11 | $ 493.82 | 012011 |
| 1000002055 | 51035644 | 100057908 | 023086899 | | 420153651 | 05/10/2011 | 05/25/2011 | Z1 | 11 | $ 493.82 | 030951B |
| 1000002055 | 51035644 | 100057908 | 023086897 | | 420153652 | 05/10/2011 | 05/25/2011 | Z1 | 11 | $ 493.82 | 012011 |
| 1000002055 | 51035644 | 100057908 | 023086896 | | 420153572 | 05/10/2011 | 05/25/2011 | Z1 | 11 | $ (495.76) | 011211 |
| 1000002055 | 51035644 | 100057908 | 023086900 | | 420153570 | 05/10/2011 | 05/25/2011 | Z1 | 11 | $ (247.88) | 012011 |
| 1000002055 | 51035644 | 100057908 | 023086900 | | 420153571 | 05/10/2011 | 05/25/2011 | Z1 | 11 | $ (495.76) | 021011 |
| 1000002055 | 51035644 | 100057908 | 023875450 | | 400734256 | 06/10/2011 | 06/10/2011 | Z1 | 11 | $ 1,254.60 | 023036975169 |
| 1000002055 | 51035644 | 100057908 | 023886472 | | 400719811 | 03/24/2011 | 06/10/2011 | Z1 | 11 | $ 8.56 | 023036975169 |
| 1000002055 | 51035644 | 100057908 | 023130938 | | 420158617 | 05/16/2011 | 06/10/2011 | Z1 | 11 | $ (44.75) | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023126486 | | 400134223 | 05/16/2011 | 06/10/2011 | Z1 | 11 | $ 7,635.96 | U2 |
| 1000002055 | 51035644 | 100057908 | 023134394 | | 410257874 | 05/18/2011 | 06/10/2011 | Z1 | 11 | $ 15,271.92 | U2 |
| 1000002055 | 51035644 | 100057908 | 023158989 | | 420167166 | 05/24/2011 | 06/25/2011 | Z1 | 11 | $ 123.55 | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023214839 | | 420170483 | 06/09/2011 | 06/25/2011 | Z1 | 11 | $ (0.90) | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023242043 | | 420147300 | 06/24/2011 | 07/10/2011 | Z1 | 11 | $ 123.55 | 0000000000 |
| 1000002055 | 5104001 | 100375784 | 023245714 | | 420189583 | 06/29/2011 | 07/10/2011 | Z1 | 11 | $ 4,259.81 | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023245733 | | 420189801 | 06/29/2011 | 07/10/2011 | O1 | 11 | $ 33,489.96 | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023295028 | | 420200312 | 07/20/2011 | 08/10/2011 | Z1 | 11 | $ (38.24) | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023312906 | | 420261090 | 07/26/2011 | 08/10/2011 | Z1 | 11 | $ 123.55 | 0000000000 |
| 1000002055 | 51035644 | 100057908 | | | 800290243 | 07/31/2011 | 08/10/2011 | YL | 11 | $ 133.89 | |
| 1000002055 | 51035644 | 100057908 | | | 800290297 | 07/31/2011 | 08/10/2011 | YL | 01 | $ 67,863.49 | |
| 1000002055 | 5104001 | 100375784 | | | 800290072 | 07/31/2011 | 08/10/2011 | YL | 01 | $ 149.81 | |
| 1000002055 | 51035644 | 100057908 | 023333101 | | 420212721 | 08/04/2011 | 08/25/2011 | Z1 | 11 | $ (46.56) | 0000000000 |
| 1000002055 | 5104001 | 100375784 | 023334882 | | 420147890 | 08/09/2011 | 08/25/2011 | Z1 | 11 | $ (749.66) | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023353489 | | 420275134 | 08/12/2011 | 08/25/2011 | Z1 | 11 | $ (605.56) | 0000000000 |
| 1000002055 | 51035644 | 100057908 | 023391148 | | 420273099 | 08/26/2011 | 09/10/2011 | Z1 | 11 | $ 123.55 | 0000000000 |
| 1000002055 | 51035644 | 100057908 | | | 800315295 | 08/31/2011 | 09/10/2011 | YL | 11 | $ 12,028.10 | |
| 1000002055 | 5104001 | 100375784 | | | 800315533 | 08/31/2011 | 09/10/2011 | YL | 11 | $ 65.12 | |
| 1000002055 | 51035644 | 100057908 | 023467121 | | 420264401 | 09/27/2011 | 10/10/2011 | Z1 | 11 | $ 123.55 | 0000000000 |
| 1000002055 | 51035644 | 100057908 | | | 800315564 | 09/30/2011 | 10/10/2011 | YL | 11 | $ 10,207.06 | |
| 1000002055 | 5104001 | 100375784 | | | 800315867 | 09/30/2011 | 10/10/2011 | YL | 11 | $ 123.63 | |
| 1000002055 | 51035644 | 100057908 | 023543550 | | 420283872 | 10/24/2011 | 11/10/2011 | Z1 | 11 | $ 8,160.08 | 0000000000 |
| 1000002055 | 5104001 | 100375784 | | | 800352796 | 10/31/2011 | 11/10/2011 | YL | 11 | $ 65.12 | |
| | | | | | 800363231 | 10/31/2011 | 10/31/2011 | O1 | | | |
| | | | | | | | | | | $ 564,065.10 | |

Aug 18 06 05:33p                                                          p.1

Account # 023-095836
(for office use only)

## AmerisourceBergen
### Application for Credit and Purchase Agreement

AmerisourceBergen takes great pride as the premier provider of health care products and services. We want to thank you for taking the time to complete this Application and Purchase Agreement. Welcome to the AmerisourceBergen family.

Applicant  JOHN CANNIZZARO —            Servicing Division: Beth Cohen

| | | | |
|---|---|---|---|
| Legal name: JUJ PHARMACY INC | | Year business started: 6/2004 |
| Dba (if any): UNIVERSITY CHEMISTS | | Current owners since: |
| Address: 74 UNIVERSITY PL | | State of Formation: New York |
| City/State/Zip: NEW YORK NY 10003 | | |

Shipping Address (if different): Same
Billing Address (if different): Same
Phone # (212) 473 0277   Fax # (212) 614 6633      Email
Business Form      ☐ Sole Proprietorship ☐ Corporation ☑ Partnership     TIN #: 201251 497
                                                                          NABP #: 3302778

**Please attach copies of Articles/Certificate of Incorporation, Certificate of Formation, Partnership Agreement/Certificate of Partnership or any other evidence of entity formation, and any dba's as applicable**

Type of Business:  ☐ Drug Store   ☐ Rx Pharmacy  ☐ DME/HHC      ☐ Closed Door (contract name)
                   ☐ Hospital     ☐ Chain        ☐ Distributor   ☐ Other (specify)
Estimated Monthly Purchases: $ 500,000   % Rx 80  % OTC 20  % DME/HHC ____  % 3rd Party 75

**Please attach copies of DEA license, Pharmacy Board Permit and Sales Tax Permit**

### OWNERSHIP:

| Name | Address, City, State, Zip | Phone# Registered Pharmacist? Y/N |
|---|---|---|
| JOHN CANNIZZARO | 465 W. 143 St NEW YORK NY 10031 | (212) 368-1776 |
| | Title with Applicant: President   % Ownership 50 | Registered Pharmacist? Y/N  License # 031522-1 |
| Social Security # | | |
| JAMES ZAMBRI | 34 E 11 St 4B NEW YORK NY 10003 | (917) 841-1929 |
| | Title with Applicant: V. President   % Ownership 50 | Registered Pharmacist? Y/N  License # |
| Social Security # | | |
| Name | Address, City, State, Zip | Phone# Registered Pharmacist? Y/N  License # |
| Social Security # | Title with Applicant   % Ownership | |

### References:

| Supplier | Address | Phone# | Fax# | Account # |
|---|---|---|---|---|
| CARDINAL DIST. | 6012 MOLLOY RD SYRACUSE NY | (800) 873-9936 | | |
| BELLCO DIST. | 5500 NEW HORIZON BLVD AMITYVILLE NY | (800) 645-5314 | 631 8416 | |
| OLGA VITAMINS | 360 PINE AIRE RD DEOMA NJ 07601 | (800) 645-2246 | 201 944 7251 | |
| Bank: HSBC | BDWY & 9TH St NEW YORK  765 BDWY | (800) 975-4722 | | amount # 235 |

Premises are: ☑ Leased  ☐ Owned   If leased:  Landlord Name
Insurance Agent: DAVID GRODNER 714 KINGS HIGH    Telephone #
                 Agent Name & Address   Brooklyn NY 11223    Telephone # (718) 998-8500   Policy #

Account Manager: Rex Molinez   8/15/06        Applicant's Signature         8/15/06
                               (Date)                                       (Date)

Aug 18 06 05:34p                                                          p.3

6/03                              Applicant: _JVJ Pharmacy Inc_
                                             (Corporate Name)

## AGREEMENT

This Agreement is entered into between Applicant, (Corporate Name), hereinafter referred to as Purchaser, and [AmerisourceBergen], hereinafter referred to as ABC. Purchaser understands and agrees to the following terms and conditions of sale:

1.    **Payment Terms** (a) Specific payment terms are (defined by individual customer contract). (b) A processing fee of $50 will be invoiced for each dishonored payment. (c) A late charge of 1.5% per month will be assessed on all delinquent balances. Should an additional "Plus" payment be required in order to reduce a delinquent balance, Purchaser understands and authorizes ABC to apply this additional payment to unpaid invoices and charges including late charges as a condition of continued service. (d) In the event of default under any of the terms and conditions herein, Purchaser shall pay all of ABC's collection costs and expenses whether or not suit is filed, including without limitation, all attorneys' fees in addition to any other sums due and owing. (e) Purchaser agrees to promptly pay when invoiced all denied charge backs for disallowed/ineligible contract pricing, and to look solely to the relevant manufacturer(s) and/or buying group(s) for redress.

2.    **Security Agreement.** To secure all of Purchaser's existing and future liabilities to ABC, including the repayment of any amounts that Purchaser may advance or spend for the maintenance or preservation of the collateral described below, and any liabilities that arise after the filing of a petition by or against Purchaser under the Bankruptcy Code, even if the obligations do not accrue because of the automatic stay under Bankruptcy Code § 362 or otherwise (the foregoing liabilities and obligations being referred to in this Agreement as the "Obligations"), Purchaser grants to ABC a security interest in all of the personal property of Purchaser, wherever located, and now owned or hereafter acquired, including: Accounts (including health-care-insurance receivables), chattel paper, inventory, equipment, instruments, investment property, documents, deposit accounts, any commercial tort claim described on the credit application to which this Agreement is attached, letter-of-credit rights, general intangibles, supporting obligations and proceeds and products of all of the foregoing (collectively the "Collateral"). Purchaser authorizes ABC to file a financing statement describing the Collateral as "all assets." Purchaser will cooperate with secured party in obtaining control with respect to Collateral consisting of deposit accounts, investment property, letter-of-credit rights and electronic chattel paper. ABC shall have the right at any time to enforce Purchaser's rights against account debtors and obligors. Purchaser has the risk of loss of the Collateral. ABC does not authorize, and Purchaser agrees not to; make any sales or leases of any of the Collateral, license any of the Collateral or grant any other security interest in any of the Collateral. Upon the occurrence of any default under this Agreement, ABC may pursue any remedy available at law (including those available under the provisions of the Uniform Commercial Code as enacted in Pennsylvania (the "UCC")), or in equity to collect, enforce or satisfy any Obligations then owing, whether by acceleration or otherwise.

3.    **Covenants.** (a) Purchaser will immediately notify ABC of any change in State of formation, location, ownership, intent to sell, close, materially modify business operations, any name change, change of business form (i.e. sole proprietorship, partnership or corporation) or of any legal action that in the event of an unfavorable outcome would jeopardize the ongoing viability of Purchaser. (b) Upon request, Purchaser agrees to provide ABC with current financial

Initials: _____                                                      1

Aug 18 06 05:33p                                                    P.2

                                                        023-096836

6/03                                                    JVJ PHARMACY INC
                              Applicant: _____
                                              (Corporate Name)

statements as may be requested and certifies that all information on this Application and all
financial statements provided is true and accurate. (c) Purchaser and guarantors signing below
personally hereby authorize ABC and any credit agency or any investigative service engaged by
ABC to obtain, verify or otherwise investigate any information, reference, statements, credit
reports or other information obtained with respect to Purchaser and guarantors from any source
as ABC deems appropriate. (d) Billing disputes must be filed with ABC's Accounts Receivable
Department within sixty days. (e) Drivers and ABC employees cannot accept cash or third party
checks endorsed to ABC. (f) This Agreement is not binding on ABC until accepted in writing by
ABC in the Regional office where this Agreement is deemed made. ABC may cancel this
agreement at any time at its sole discretion. Purchaser acknowledges and understands that ABC
has the absolute right to change terms or suspend service. (g) Each party agrees to comply with
all federal, state laws, regulations and ordinances, including but not limited to Boards of
Pharmacy, Drug Enforcement Administration, Prescription Drug Marketing Act, Food and Drug
Administration, Medicare, Medicaid and all ABC policies related to such laws including but not
limited to Return Goods Policy and Code of Ethics and Business Conduct. (h) Purchaser shall be
responsible for any applicable sales or gross receipts tax or similar tax on sales to Purchaser
hereunder unless it obtains and maintains an exemption certificate covering such taxes and
furnishes such certificate to ABC. Purchaser shall furnish duplicates of any such certificates to
ABC upon ABC's request.

    4.    <u>Default</u>. The occurrence of any of the following shall, at the option of ABC, be a
default under this Agreement: (a) Purchaser shall fail to pay when due any amount owing ABC;
(b) Any default, violation or event of default (as defined) by Purchaser under this Agreement or
any other agreement now or hereafter entered into between ABC and Purchaser; (c) Purchaser's
failure to comply with any of the provisions of, or the incorrectness of any representation or
warranty contained in, this Agreement or any other existing or future agreement between ABC
and Purchaser; (d) Transfer or disposition of any of the Collateral, except as expressly permitted
by the terms of this Agreement; (e) Purchaser voluntarily or involuntarily becoming subject to
any proceeding under (i) the Bankruptcy Code or (ii) any similar remedy under state statutory or
common law; (f) Purchaser shall fail to comply with, or become subject to any administrative or
judicial proceeding under any federal, state or local hazardous waste or environmental law, asset
forfeiture or similar law which can result in the forfeiture of property, or other law where non-
compliance may have a significant, adverse effect on the Collateral or the ability or Purchaser to
perform its Obligations; (g) Purchaser shall discontinue in the business presently operated by it;
or (h) There shall occur any event which is or could reasonably be expected to be immaterial and
adverse to the properties, assets, condition (financial or otherwise) or business operations, results
of operations of Purchaser or any other person or entity obligated for the Obligations or to the
prospects of Purchaser or any such other person or entity.

    5.    <u>Consent To Jurisdiction</u>. In any and all actions and proceedings, whether arising
under this Agreement or under any other agreement or undertaking, ABC and Purchaser hereby
irrevocably consent to the jurisdiction of the United States District Court for the Eastern District
of Pennsylvania and of all Pennsylvania State Courts sitting in Chester County, Pennsylvania,
and Purchaser waives any objection to improper venue and forum non conveniens to proceedings
in any such court and all rights to transfer for any reason. Purchaser irrevocably agrees to

Initials: _____                                                              2

Aug 18 06 05:34p                                                        P.4

6/03                                    Applicant: JVJ PHARMACY INC
                                                   (Corporate Name)

service of process by certified mail, return receipt requested, to the address of Purchaser set forth
in this Agreement.

    6.    Governing Law.  This Agreement and the rights and obligations of the parties
hereunder shall be construed, interpreted, and enforced in accordance with and governed by the
laws and regulations, as amended, of the Commonwealth of Pennsylvania.  Purchaser consents to
jurisdiction of any legal action, suit or proceeding arising out of or relating to this Agreement in
state or federal course in the Commonwealth of Pennsylvania.

    7.    Waiver of Jury Trial.  ABC and Purchaser hereby waive any and all rights they
may have to a jury trial in connection with any litigation commenced by or against ABC with
respect to the rights and obligations of the parties to this Agreement.

    8.    Successors and Assigns.  This Agreement shall inure to the benefit of and be
binding upon the successors and assigns of each of the parties; provided, however, that this
Agreement may not be assigned by Purchaser without the prior written consent of the other
party.  Neither party shall unreasonably withhold consent.

    9.    Complete Agreement.  This Agreement (along with a Primary Vendor Agreement,
if entered into by Purchaser and ABC) represents the full and complete understanding of the
parties and cannot be modified except by writing and signed by both parties.

    I/We have read and agree to the terms specified above and certify that all information
provided is true and accurate.

APPLICANT:

By: _____ PRESIDENT   8/8/06      JOHN CANNIZZARO
    (Please Sign)  (Title)     (Date)       Please Print Name

By: _____
    (Please Sign)  (Title)     (Date)       Please Print Name

Initials: _____                                           3

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY.

$I\ 0\ 0\ 7\ 5\ 8$

2007 JAN 17  AM 9: 00

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone:(800) 331-3282  Fax: (818) 662-4141

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)      12033 AMERISOURCEBER

UCC Direct Services      10083799
P.O. Box 29071
Glendale, CA 91209-9071      NYNY

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | | |
|---|---|---|---|---|---|
| **1a. ORGANIZATION'S NAME** JVJ PHARMACY INC. | | | | | |
| **1b. INDIVIDUAL'S LAST NAME** | | FIRST NAME | | MIDDLE NAME | SUFFIX |
| **1c. MAILING ADDRESS** 74 University Place | | CITY New York | | STATE NY  POSTAL CODE 10003 | COUNTRY |
| ADD'L INFO RE ORGANIZATION DEBTOR | **1e. TYPE OF ORGANIZATION** CORPORATION | **1f. JURISDICTION OF ORGANIZATION** NY | | | |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | | | |
|---|---|---|---|---|---|
| **2a. ORGANIZATION'S NAME** University Chemists | | | | | |
| **2b. INDIVIDUAL'S LAST NAME** | | FIRST NAME | | MIDDLE NAME | SUFFIX |
| **2c. MAILING ADDRESS** 74 University Place | | CITY New York | | STATE NY  POSTAL CODE 10003 | COUNTRY |
| ADD'L INFO RE ORGANIZATION DEBTOR | **2e. TYPE OF ORGANIZATION** DBA | **2f. JURISDICTION OF ORGANIZATION** NY | | | |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| **3a. ORGANIZATION'S NAME** AMERISOURCEBERGEN DRUG CORPORATION | | | | |
| **3b. INDIVIDUAL'S LAST NAME** | FIRST NAME | | MIDDLE NAME | SUFFIX |
| **3c. MAILING ADDRESS** 1300 Morris Drive | CITY Valley Forge | | STATE PA  POSTAL CODE 19087 | COUNTRY |

4. This FINANCING STATEMENT covers the following collateral:

All of the personal property of debtor, wherever located, and now owned or hereafter acquired, including:  accounts (including health-care-insurance receivables), chattel paper, inventory, equipment, instruments, investment property, documents, deposit accounts, any commercial tort claim described in documents executed by debtor for benefit of secured party, letter-of-credit rights, general intangibles, supporting obligations and proceeds and products of all of the foregoing.

5. ALTERNATIVE DESIGNATION [if applicable]   ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable]   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
10083799                          Bethlehem                          Northeast

FILING OFFICE COPY - NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)      Prepared by UCC Direct Services, P.O. Box 29071, Glendale, CA 91209-9071  Tel (800) 331-3282

## FILING NUMBER: 200701170043712

**NEW YORK STATE
DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE**

**FILING OFFICER STATEMENT**

This Statement is filed by the New York State Department of State for the purpose of indicating the date and nature of a corrective action taken pursuant to **19 NYCRR Section 143-2.5.**

The Filing Officer Statement relates to the following record:

Filing Number: 200701170043712   Filed on: 01/17/2007

Amended on: 07/10/2009

Time: 11:00 AM

**Original Debtor Information:**

JVJ PHARTMACY INC.
74 UNIVERSITY PLACE
NEW YORK, NY 10003

UNIVERSITY CHEMISTS
74 UNIVERSITY PLACE
NEW YORK, NY 10003

**Debtor Information After Correction(s):**

JVJ PHARMACY INC.
74 UNIVERSITY PLACE
NEW YORK, NY 10003

UNIVERSITY CHEMISTS
74 UNIVERSITY PLACE
NEW YORK, NY 10003

Transaction 099874

**FILING NUMBER: 200907100399337**

**823722**          **2011 Nov 04 PM12:13**

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Gisella Melendez 800-331-3282

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
efiling@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 200701170043712 Filedate: 17-JAN-07 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.     ☐ DELETE name: Give record name to be deleted in item 6a or 6b.     ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| ADD'L INFO RE | 7d. TYPE OF ORGANIZATION | 7e. JURISDICTION OF ORGANIZATION | |
| ORGANIZATION DEBTOR | | | |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME   AMERISOURCEBERGEN DRUG CORPORATION | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA NY-0-30546384-45998126

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## Filing Number-201111046233598

## POWER OF ATTORNEY

AmerisourceBergen Drug Corporation ("ABDC") hereby appoints Morton R. Branzburg, Esquire or any other attorney or paralegal of the law firm Klehr | Harrison | Harvey | Branzburg, LLP to act as ABDC's Attorney-in-Fact (the "Attorney-In-Fact") to execute and prosecute proofs of claim on behalf of ABDC to be filed in the United States bankruptcy courts.

AMERISOURCEBERGEN DRUG
CORPORATION

Date: 12-23-2011

By: _John G. Chou_
Name: John G. Chou
Title: SVP, General Counsel & Secretary

Sworn to and Subscribed before me
this 23rd day of December ,
2011.

_Eileen S. Menkes_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Eileen S. Menkes, Notary Public
Tredyffrin Twp., Chester County
My Commission Expires June 19, 2012
Member, Pennsylvania Association of Notaries

My Commission Expires:

6-19-2012

PHIL1 819891-1

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

      JVJ PHARMACY, INC. d/b/a            Chapter 11
      UNIVERSITY CHEMISTS,            Case No.: 11-15126-reg

                        Debtor.
--------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S SECOND
## AMENDED PLAN OF REORGANIZATION

      JVJ PHARMACY, INC., the Debtor and Debtor-in-Possession (the "Debtor") having

filed with this Court a Second Amended Plan of Reorganization (the "Plan")[Docket No. 204] on

June 26, 2013, and a Second Amended Disclosure Statement (the "Disclosure Statement") on

June 26, 2013, pursuant to Chapter 11 of the United States Bankruptcy Code,  and the Disclosure

Statement having been approved in accordance with Section 1125 of the Bankruptcy Code by

Order dated June 28, 2013, and the Plan and Disclosure Statement having been transmitted to

creditors in accordance with Section 1128 of the Bankruptcy Code, and pursuant to Order of this

Court, and a confirmation hearing having been held before the Hon. Robert E. Gerber, United

States Bankruptcy Judge, Southern District of New York,  on August 1, 2013 (the "Hearing");

and an untimely Objection having been filed and served on behalf of creditor John Cannizzarro,

and the Debtor having filed and served a Reply to that Objection, and this Court having

overruled theObjection for the reasons set forth on the record at the Hearing, and the Debtor

having satisfied all of the elements of confirmation, and it having been determined after hearing

on notice that the requirements for Confirmation set forth in Section 1129(a) & (b) of the

Bankruptcy Code having been satisfied;

**IT IS HEREBY ORDERED**

1.    That pursuant to the terms stated on the record at the confirmation hearing held on August 1, 2013, the Plan is confirmed.

2.    The Debtor shall make all disbursements to the entities entitled thereto as required under the Plan in accordance with the provisions of the Plan.

3.    The Debtor shall pay, by the last day of the month following the entry of this Order, the statutory fees due the Office of the United States Trustee pursuant to 28 U.S.C. section 1930(a)(6), plus interest.

4.    Pursuant to Sections 1.29 and 4 of the Plan, all filing officers (including all filing officers in the City of New York) shall accept for recording and to record any and all documents or instruments that are provided for under and necessary to implement the Plan, including, but not limited to, those documents necessary to facilitate (i) the granting of the collateral mortgages to PNC Bank, N.A. and Bank of America, N.A. on Premises owned by James Zambri located at 22 Jackson Ave, Staten Island, New York, and 28 Jackson Ave, Staten Island, New York, and/or (ii) any sale of one or both of the Premises, without the payment of any Exempt Taxes. Pursuant to Section 1.29 of the Plan, Exempt taxes are defined as "Any and all stamp, transfer, mortgage recording, and other taxes to which the exemption contained in section 1146(a) of the Bankruptcy Code is applicable, including, without limitation, the New York State Real Estate Transfer Tax and Mortgage Recording Tax, and New York State and any County Sales Tax."

5.    Section 1.27 of the Plan is modified to make the Effective Date the date of entry of the Confirmation Order.

6.    The automatic stay of the terms of the Confirmation Order contained in F.R.B.P. 7062 is hereby waived.

2

7.      Within ninety (90) days of the Effective Date, or at such other time as the Court

may otherwise direct, the Debtor's attorney shall file an application for a Final Decree, showing

compliance herein, with the Clerk of the Court.

8.      The Debtor shall file all required reports through the entry of a Final Decree.

9.      This Court shall retain jurisdiction over this case as provided for by the terms of

the Plan, including but not limited to the Court entering a Final Order or Decree in the Debtor's

Chapter 11 case.

Dated:  New York, New York
        August 6, 2013

                                        *s/ Robert E. Gerber*
                                        Robert E. Gerber,
                                        United States Bankruptcy Judge

# EXHIBIT C

The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Debtor
38 New Street
Huntington, New York 11743
Avrum J. Rosen
(631) 423-8527

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:

JVJ PHARMACY, INC. d/b/a                        Chapter 11
UNIVERSITY CHEMISTS,                            Case No.: 11-15126-reg

Debtor.
----------------------------------------------------------x

## DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

The Debtor, JVJ Pharmacy, Inc. d/b/a University Chemists, (the "Debtor") proposes the following Second Amended Plan of Reorganization (the "Plan") pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. Section 101 et. seq.

## 1.   DEFINITIONS

For purposes of this Plan, the following terms shall have the respective meanings as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires).

1.1)   Administration or administrative claim or claims - Any cost or expense of administration of the Chapter 11 case allowed under Section 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of operating the business of the Debtor, and all allowances of compensation or reimbursement of expenses for legal or other professional services to the extent allowed by the Bankruptcy Court under Sections 327, 330, 331 and 503 of the Bankruptcy Code.

1.2)   Allowed administrative or administration claim or claims - All or that portion of any administrative or administration claim which is an allowed claim.

1.3)   Allowed claim - Any claim or portion of a claim (a) which is scheduled by the Debtor pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code (other than a disputed claim); or (b) proof of which had been timely filed with the Bankruptcy Court pursuant to Section 501(a) of the Bankruptcy Code or on or before the date designated to the Court as the last date for filing Proofs of Claim, and with respect to which no objection to the allowance

1

thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy Code, Bankruptcy Rules or by an Order of the Court; or (c) which, after objection thereto, has been allowed in whole or in part by a Final Order.

1.4)    Allowed priority claim - All or that portion of an allowed claim entitled to priority under Sections 507(a)(3), (4), (6) and (8) of the Bankruptcy Code.  Except as may be allowed by the Court in the case of an Allowed Priority Claim under Section 507(a)(8) of the Bankruptcy Code, any interest on such claim which accrued after the filing date, shall  be part of the allowed priority claim.

1.5)    Allowed secured claim - All or that portion of any allowed claim that is secured by a valid enforceable lien on the property of the Debtor, to the extent of the value of such property, as determined by agreement between the Debtor and the holder of such allowed secured claim or by the Court by a Final Order pursuant to Section 506 of the Bankruptcy Code.

1.6)    Allowed unsecured claim - Any allowed claim that is not an allowed administrative claim, an allowed priority claim or an allowed secured claim.  Interest accrued after the filing date shall  be a part of any allowed unsecured claim.

1.7)    Allowed §503(b)(9) Claim-  Any Allowed Claim pursuant to Section 503(b)(9) of the Code.

1.8)    Available cash - All cash of the Debtor, over and above the reserve fund, on the distribution date or on any further distribution date.  Available cash shall include but not be limited to:  (a) any net proceeds recovered by the Debtor, of an avoided preferential transfer or fraudulent conveyance pursuant to the Bankruptcy Code and (b) any net proceeds recovered by the Debtor, from Insiders or any entity in which Insiders were or are affiliated,  (c) any net proceeds realized from the sale or liquidation of the assets or property of the Estate or the Debtor, and (d) any additional sums contributed by the Debtor and available for distribution.

1.9)    Bankruptcy Code - The Bankruptcy Reform Act of 1978 (11 U.S.C. Sections 101, et. seq.), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. No. 98-353) and, as applicable to cases filed before its enactment, the Bankruptcy Reform Act of 1994 (P.L. 103-394), and, as applicable, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and Title 11 of the United States Code, as amended.

1.10)    Bankruptcy Rules - The Rules of Bankruptcy Procedure as applicable to cases under Title 11 of the United States Code.

1.11)    Business day - Any day other than a Saturday, Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

1.12)    Chapter 11 - Chapter 11 of the Bankruptcy Code.

2

1.13)   <u>Chapter 11 case</u> - JVJ Pharmacy, Inc. d/b/a University Chemists, Case No. 11-15126-reg, currently pending in this Court.

1.14)   <u>Claim</u> - A claim against the Debtor as defined in Section 101(5) of the Bankruptcy Code.

1.15)   <u>Claimant</u> - The holder of a claim.

1.16)   <u>Class</u> - A class of holders of Allowed Claims described in sections 2 and 3 of this Plan.

1.17)   <u>Confirmation</u> - Entry of an order by the Court approving the Plan in accordance with Chapter 11.

1.18)   <u>Confirmation date</u> - The date upon which the Court enters an order confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.19)   <u>Confirmation order</u> - The order entered by the Court confirming the Plan in accordance with Chapter 11.

1.20)   <u>Consummation date</u> - The date on which the confirmation order becomes a final order.

1.21)   <u>Court</u> - The United States Bankruptcy Court for the Southern District of New York or such other court as may have jurisdiction over the Debtor's Chapter 11 case.

1.22)   <u>Creditor</u> - Any person having a claim against the Debtor that arose on or before the Petition Date or a claim against the Debtor's estate of a kind specified in Sections 502(g), (h) or (i) of the Bankruptcy Code.

1.23)   <u>Debtor</u>- JVJ Pharmacy, Inc. d/b/a University Chemists

1.24)   <u>Disallowed claim</u> - Any claim or portion thereof that has been disallowed by the Court by a Final Order.

1.25)   <u>Disputed claim</u> - (a) any Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtor as disputed, contingent or unliquidated; or (b) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated or contingent; or (c) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code and as to which an objection to the allowance thereof has been interposed within the time limitation by the Bankruptcy Code and Bankruptcy Rules by an Order of the Court, or by this Plan, which objection has not been determined, in whole or in part by a Final Order.

1.26)   <u>Distribution Date</u> - Shall refer to the date of the initial distribution which shall

occur within ten (10) days of the Effective Date.

1.27) <u>Effective Date</u> - The date on which the confirmation order becomes a final order.

1.28) <u>Entity</u> - Defined at Section 101(14) of the Bankruptcy Code.

1.29) <u>Exempt Taxes</u> - Any and all stamp, transfer, mortgage recording, and other taxes to which the exemption contained in section 1146(a) of the Bankruptcy Code is applicable, including, without limitation, the New York State Real Estate Transfer Tax and Mortgage Recording Tax, and New York State and any County Sales Tax.

1.30) <u>Final Order</u> - An order or judgment as to which order or judgment (or any revision, modification or amendment thereof) (a) the time to appeal has expired and as to which no appeal has been filed, or (b) an order or judgment which has been appealed, has been affirmed on appeal and as to which appeal the time for further appeal has expired.

1.31) <u>Further Distribution Date</u> - The date distributions that are made subsequent to the distribution date defined above.

1.32) <u>Initial Distribution</u>- The sum of $250,000 consisting of $200,000.00 cash on hand from the Debtor together with a cash contribution of $50,000.00 from the current shareholder of the Debtor and such addition amounts as are required to confirm.

1.33) <u>Insider</u> - Shall be defined at Section 101(31) of the Bankruptcy Code.

1.34) <u>Net proceeds</u> - Shall refer to the gross proceeds actually recovered, less deduction for any and all reasonable costs and expenses, including but not limited to reasonable and necessary attorneys' fees.

1.35) <u>Petition Date</u>-November 3, 2011, the date the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code.

1.36) <u>Plan</u> - This Chapter 11 Plan of Reorganization as modified or amended from time to time as and to the extent permitted herein or by Bankruptcy Code.

1.37) <u>Professional person</u> - Defined at Section 327(a) of the Bankruptcy Code.

1.38) <u>Property</u> - shall refer to the Debtor's property as listed in its Schedules to its Bankruptcy Petition.

1.39) <u>Pro-rata</u> - With respect to an amount of cash to be paid or distributed on a particular claim, the ratio, as of such date, of the then outstanding amount of such allowed claim of such claimant in the particular class, to the aggregate of allowed claims and disputed claims in the particular class.

4

1.40)   <u>Reserve fund</u> - Shall be a fund which shall be established by the Debtor after the confirmation date, which shall be equal to a sum sufficient to pay (i) disputed claims which would have been paid under the Plan but for the dispute as either claimed by the creditor or determined by the Court; and (ii) estimated  fees of the Debtor's counsel and accountants, which will be incurred subsequent to the confirmation date.

1.41)   <u>Statutory Fees</u> - All fees and charges assessed against the Debtor's estate pursuant to Section 1930 of Title 28 of the United States Code.

## 2.      CLASSIFICATION OF CLAIMS AND INTERESTS

2.1)    The Allowed Claims against the Debtor are divided into the following classes:

  Statutory Claims;
Allowed Administration Claims;
Class 1 - Allowed Unsecured Priority Claims
Class 2-  Allowed Secured Claim of Cardinal Health
Class 3 _ Allowed Secured Claim of PNC;
Class 4 – Allowed Secured Claim of Amerisource Bergen;
Class 5 – Allowed Secured Claim of John Cannizzaro;
Class 6 – Allowed Secured Claims of Equipment Suppliers:
            Class7-   Allowed Secured Claim of Bank of America
Class 8 - Allowed Secured Claim of HD Smith;
Class 8a-Allowed Reclamation Claim of HD Smith:
Class 9-  Allowed Reclamation Claim of Rochester Drug Cooperative;
Class 10 - Allowed Unsecured Claims;
Class 11 - Equity Claim of the Shareholder of the Debtor.

<u>TREATMENT OF CLAIMS</u>

STATUTORY CLAIMS

The claim of the United States Trustee, pursuant to statute, 28 U.S.C. § 1930(a)(6) is included as a Statutory Claim.  All outstanding quarterly fees and any applicable interest owed to the Office of the United States Trustee shall be paid in full on the Effective Date of the Plan.  In addition, the Debtor shall continue to incur and pay quarterly fees and any applicable interest until the entry of the "Final Decree" or dismissal or conversion whichever occurs first.  Unpaid United States Trustee's fees accrue interest that is an expense of the Estate.  The Debtor shall comply with the reporting requirements of the office of the United States Trustee until the entry of a Final Decree and shall file quarterly reports on  January 15, April 15, July, 15 and October 15 of each year until entry of a Final Decree.

5

ADMINISTRATIVE CLAIMS

Administration claims, including any unpaid post-petition obligations of the Debtor and fees due professionals for services rendered in connection with this case. The Debtor has paid all administrative expenses as they have accrued and will continue to pay any further administrative claims as they accrue prior to or at Confirmation, except as set forth below. Upon the distribution date (or upon a determination by the Court that the claims for professional fees are reasonable) each claimant will be paid in full, in cash, 100% of such claim.

| Claimant | Estimated Claim |
|---|---|
| The Law Offices of Avrum J. Rosen, PLLC | $225,000.00 (less all amounts paid under the monthly compensation order in the approximate amount of $160,000) |
| Attorneys for the Debtor | |
| The Braff Group Business Broker to the Debtor | None, the retention has expired by its own terms |

The amounts set forth above are only approximations. The claims of professionals are subject to the approval of the Court, upon application and notice to Creditors. The Administrative Class Creditors are not impaired. The reclamation claims of other creditors are addressed below.

CLASS 1- UNSECURED PRIORITY TAX CLAIMS

Class 1 consists of the unsecured priority tax claims. There are three claims in this class. The Debtor disputes these claims and will object to them. Any Allowed Claims shall be paid in full amount over period of sixty (60) months from the Filing Date in equal monthly payments plus statutory interest, or may at its election pay these claims on the Effective Date, and are set forth below:

1.1    Internal Revenue Service:  The Internal Revenue Service filed a proof of claim in the amount of $55,870.49as a priority claim.

1.2    New York State Department of Taxation and Finance: New York State Department of Taxation and Finance filed a proof of claim in the amount of $600.27as a priority claim.

1.3    City of New York Department of Finance:  New York City Department of Finance has filed a priority claim in the amount of $56,700.

This class is not impaired.

## CLASS 2- ALLOWED SECURED OF CARDINAL HEALTH

Cardinal Health was the holder of a secured clam against the Debtor that is first in priority, by virtue of its filed UCC security interest. JVJ defaulted on its payment obligations in March, 2008. The parties entered into an agreement for payment of the account arrearage. When JVJ defaulted a second time, Cardinal Health filed suit in New York state court seeking $197,392.02. The parties settled the state court case in December, 2010, by entering into a settlement agreement (the "Agreement") . That Agreement compromised the amount due and set forth monthly payments to be made by the Debtor.

JVJ requested and obtained a court order allowing it to assume the Agreement in the state court action as an executory contract, *Order Authorizing Debtor to Assume Executory Contract Between Debtor and Cardinal Health 110, Inc.* dated April 13, 2012 [Doc. #129]. The Debtor has timely made all payments due under the Agreement and all of the designated payments under the Agreement have now been made. Cardinal's Secured Claim is now paid in full and it has filed a UCC-3 Termination Statement of its security interest.

This Class is not impaired.

## CLASS 3- ALLOWED SECURED OF PNC

Class 3 consists of the allowed secured claim of PNC. The Debtor entered into a secured loan with PNC on or about November 22, 2010, in the principal amount of $2,500,000.00 under a line of credit (the "Line of Credit") and $500,000.00 under a term loan (the "Term Loan"). In June of 2011, the Line of Credit was increased to $3,000,000.00. At the time of the first loan transactions the Debtor had the BOA loan discussed previously and had several security agreements with its major vendors. PNC asserts that the BOA loan was to be closed. The Debtor disputes that issue. Those included Cardinal, Amerisource and H.D. Smith. Upon information and belief, PNC required that these vendors subordinate their security interests to those of PNC. It is the Debtor's understanding that this was done based upon PNC's representation that it was "taking out" BOA. As noted, PNC called a non-monetary default against the Debtor and commenced an action seeking the sum of at least $3,000,000.00 under the line of credit and $411,446.57 on the term loan. Assuming, the vendors' liens are subordinated, The Debtor believes that PNC has a first position on everything except the equipment and fixtures. The Debtor believes that PNC is owed and is secured in the amount of $ 3,400,000.00. PNC has filed a claim in this case for $3,636,357.57 plus alleged post-petition default rate interest and attorneys' fee and expenses.

That principal balance reflects the crediting to the principal balance on the Line of Credit the sweep of the Debtor's account prior to the filing in the amount of $107,929.47; the paydown on the Term Loan of approximately $175,000 from adequate protection payments during the tenure of the Case until the anticipated Confirmation Date; and the $100,000.00 principal

reduction paid pursuant to the Fourth Interim Cash Collateral Order.

It is the Debtor's position that a default was not properly called by PNC and that default rate interest is not owed. The Debtor also asserts that PNC attorneys' fees in this case have been larger than were reasonably necessary to protect its interests. If PNC votes for the Plan, the Debtor proposes paying PNC a total of $200,000.00 for its claims for default interest and its legal fees. This amount shall be added to the principal balance of the loan, and PNC's secured claim shall be allowed in the aggregate principal balance of $3,400,000.00. Upon the Effective Date, PNC's claim shall be secured by a valid, perfected, and enforceable first-priority lien and security interest in and to all of the Debtor's assets including, without limitation, all accounts receivable and all health-care-insurance receivables (collectively, the "Receivables"), but excluding equipment and fixtures and any Amerisource PMSI Inventory (as defined herein), without any further action required by the Debtor, PNC or the Court, and without the necessity of the execution, filing or recordation of any financing statements, security agreements, or other submissions of any kind. The loan is to be restructured and will be paid down based upon a 10 year amortization schedule at the contract rate of interest of 3.239440% upon the principal balance of the two loans which is approximately $3,325,000. This results in a monthly payment of $32,475.00. The restructured loan will have a balloon payment in thirty (30) months from the Effective Date of @$2,600,000.00. The parties will agree to reasonable post-confirmation reporting.

This Class is impaired.

## CLASS 4- ALLOWED SECRURED CLAIM OF AMERISOURCEBERGEN

Class 4 consists of the Allowed Secured Claim of Amerisource Bergen. Amerisource Bergen filed a secured claim in the amount of $564,065.10 pursuant to a Prime Vendor Agreement ("PVA") that was entered into on or about December 2010 for a term of two years. That Agreement was called in default and terminated pre-petition. Since the commencement of this case, the Debtor and Amerisource Bergen have been conducting business pursuant to most of the terms of that agreement (the exclusions being that Amerisource Bergen has not provided any credit to the Debtor and Amerisource Bergen is not the Debtor's sole supplier). It is the Debtor's position that Amerisource Bergen is in a third position on all of the Debtor's assets and is in a second position on the Debtor's fixtures and equipment. Based upon the Debtor's liquidation analysis the Debtor believes that Amerisource Bergen is secured up to the amount of $431,000.00 (less any further adequate protection payments).

Amerisource Bergen has elected pursuant to §1111(b) of the Code. Pursuant to that election, its claim is treated as fully secured and must be paid. The present value of those payments must equal the actual amount of the secured interest. By the Effective Date,

Amerisource Bergen will have received at least $76,000.00 in adequate protection payments that will be applied to the Claim, reducing it to $488,065.10. The Debtor proposes two different treatments of this claim at Amerisource Bergen's election to either provide credit terms to the Reorganized Debtor, or not.  If Amerisource Bergan elects not to provide Credit terms, as described below, to the Reorganized Debtor, then the Debtor will pay Amerisource Bergen the remaining amount of its claim with interest at the Federal Judgment Rate in effect at the time of the Effective Date with a payment of approximately $6,000.00 per month over 7 years from the Effective Date.

If  Amerisource Bergen elects to provide  credit terms to the Reorganized Debtor, which it has agreed to do,  so that invoices shipped during any week are due the following Wednesday for the first six (6) months and if there are no payment defaults then the terms shall change to from the 1st to the 15th day of the month are due by the 25th of the month and invoices shipped from the 16th to the end of each month are due by the 10th day of the proceeding month, then;

1)      the Debtor shall agree to purchase inventory on terms to be included in a new three (3) year PVA.  Under the PVA, JVJ will be required to obtain not less than 90% of its aggregate inventory purchases from Amerisource Bergen , which requirement also includes a minimum of 90% of generic purchases and 9% ProGen compliance going forward, pricing on terms acceptable to both parties ;

2)      Amerisource Bergen will require a purchase money security interest in all inventory sold and delivered pursuant to the PVA (the "Amerisource PMSI Inventory")

3)      The Amerisource Bergen  allowed secured claim(as defined above) would be paid according to the following schedule, together with interest at the rate of 6% per annum:
   a. $6,000.00 per month for the first 12 months following the Effective Date;
   b. $7,000.00 per month for the second 12 months following the Effective Date;
   c. $8,000.00 per month for the third 12 months following the Effective Date; and
   d. a balloon payment equal to the then-existing balance on the third anniversary of the Effective Date.

Under either treatment,  Amerisource Bergen's lien on the Debtor's assets, subordinate to the lien of PNC pursuant to a Lien Priority Agreement dated November 23, 2010, would continue in full force and effect pending the payment in full of the claim, except that Amerisource Bergen would have a Purchase Money Security Interest in all Amerisource PMSI Inventory. as set forth above.  This analysis is based upon an Effective Date of July 1, 2013 and may change slightly if that date changes.  Amerisource Bergen shall enter into a Settlement Agreement with James Zambri on its guarantee to forbear from any action so long as there is no default under its treatment pursuant to the Plan.

This Class is impaired.

9

### CLASS 5 ALLOWED SECURED CLAIM OF JOHN CANNIZZARO

Class 5 consists of the Allowed Secured Claim of John Cannizzaro. It is the Debtor's position that there was no consideration to the Debtor for the granting of this security interest, as it secures the purchase of the claimant's stock interest in the Debtor by Mr. Zambri. Payments on this obligation have always been made from Mr. Zambri's personal funds. In addition, this claim is subject to subordination pursuant to 11 U.S.C.§510(b). No distribution will be made on account of this Claim and this Claimant shall not retain any security interest in the Debtor's assets.

This Class is impaired.

### CLASS 6 ALLOWED SECURED CLAIMS OF EQUIPMENT SUPPLIERS

Class 6 consists of the Allowed Secured Claims of Equipment Suppliers. The Debtor is a party to several executory contracts for equipment that is subject to filed purchase money security interests. At least ten (10) days prior to the Confirmation Hearing, the Debtor shall file a statement stating which contracts it will be assuming. To the extent a contract is assumed, defaults shall be cured and that party shall retain its security interest. To the extent a contract is not assumed, the collateral shall be surrendered to the secured party and they shall have an unsecured claim for any deficiency.

This Class is not impaired.

### CLASS 7 ALLOWED SECURED CLAIM OF BANK OF AMERICA

Class 7 consists of the Allowed Secured Claim of Bank of America ("BOA"). BOA asserts that it is in a first position on the Debtor's inventory and fixtures. The Debtor disputes this claim. After extensive negotiations the Debtor and BOA have agreed to treat $300,000 of BOA's $1,476,061.27 claim as a secured claim. This Secured Claim will have received $104,500.00 in adequate protection payments as of July 1, 2013, which will be credited to this Claim. The remaining $195,500.00 shall be payable in ten (10) quarterly payments of $19,550.00, without interest. As to the balance of BOA's claim (i.e., BOA's allowed unsecured claim set forth in the chart in Class 10), BOA shall cease to have a security interest.
This Class is impaired.

### CLASS 8 – ALLOWED SECURED CLAIM OF HD SMITH

Class 8 consists of the Secured Claim of H.D. Smith which shall be deemed allowed in the amount of $73,704.78 (the "Smith Secured Claim"). The Smith Secured Claim shall be paid, in full, as follows:

(i)     by a credit equal to the aggregate total of adequate protection payments made by the Debtor to H.D. Smith from the Petition Date to the Effective Date; and

(ii)    the balance in consecutive monthly installments of $2,000.00 each commencing on the first day of the first month following the Effective Date.

H.D. Smith shall retain its pre-petition lien against the Debtor's assets. H.D. Smith agrees to subordinate its lien priority position to both PNC and BOA provided that the Plan is confirmed. H.D. Smith hereby reserves its right to challenge any lien priority claims, including those of PNC and BOA, in the event the Plan is not confirmed.

The Debtor hereby acknowledges and agrees that the Smith Secured Claim is valid and enforceable and no portion thereof is (a) subject to avoidance, re-characterization or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law, except to the extent otherwise consented to by H.D. Smith as provided herein; or (b) subject to offsets, defenses, claims, challenge and/or the prosecution of any causes of action.

This Class is impaired.

## CLASS 8a- ALLOWED RECLAMATION CLAIM OF HD SMITH

Class 8A consists of the Allowed Reclamation Claim of H.D. Smith pursuant to 11 U.S.C. §503(b)(9) in the amount of $223,581.17 (the "Smith Reclamation Claim"). The Smith Reclamation Claim shall be paid, in full, as follows:

(i)     the sum of $175,000.00 on the Effective Date; and

(ii)    the sum of $48,581.17 payable in six (6) equal monthly installments of $8,096.86 each commencing on the 1st day of the first month following the Effective Date.

The Debtor hereby acknowledges and agrees that the Smith Reclamation Claim is valid and enforceable and no portion thereof is: (a) subject to avoidance, re-characterization, or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and (b) subject to offsets, defenses, claims, challenges and/or the prosecution of any causes of action.

This Class is impaired.

## CLASS 9 ALLOWED RECLAMATION CLAIM OF
## ROCHESTER DRUG COOPERATIVE

Class 9 consists of the Allowed Reclamation Claim of Rochester Drug Cooperative, Inc. ("Rochester") pursuant to 11 U.S.C. §503(b)(9) in the amount of $112,885.50( the "Allowed Rochester 11 U.S.C. § 503 (B)(9) Claim"). The Allowed Rochester 11 U.S.C. § 503 (B)(9) Claim will be paid on the Effective Date.

11

This Class is unimpaired.

## CLASS 10 ALLOWED UNSECURED CLAIMS

Class 10 consists of the Allowed Unsecured Non-Priority Pre-Petition Claims. The unsecured creditors shall receive 75% of their allowed claims, without interest, payable over six (6) years . The quarterly payments under the Plan are estimated to be $34,690.57 per quarter for the first ten (10) quarters for a distribution of .0345% for each quarter and $46,957.41 per quarter for the remaining fourteen (14) quarters, resulting in a quarterly distribution of .046% per quarter.

A chart showing the claims and the amounts they are projected to be allowed in is set forth below:

| JVJ PHARMACY INC. UNSECURED CLAIMS | | | | | |
|---|---|---|---|---|---|
| Percentage to be paid: | 75 | | | | |
| Creditor | Address | Scheduled Amount | Amount of Claim filed | Allowed Claim | Distribution |
| Bank of America | | | 1,476,061.27 | $1,176,061.27 | 882045.9525 |
| Ally | | | 1,061.52 | $1,061.52 | 796.14 |
| Frier & Levitt | | | $3,877.00 | $3,877.00 | 2907.75 |
| Aircraft A/C | | | $2,500.00 | $2,500.00 | 1875 |
| Smith Medical Partners | | | $40,967.32 | $40,967.32 | 30725.49 |
| American Express | | | $47,588.29 | $499.55 | 374.6625 |
| ScriptPro | | | $2,169.61 | $2,169.61 | 1627.2075 |
| Integrated Commercialization | | | 66712.92 | 66712.92 | 50034.69 |
| A+ Towel & Linen Supply | | | $8,171.00 | 8,171.00 | 6128.25 |
| Pacific Resources | | | 148.12 | 148.12 | 111.09 |
| Uline Shipping | | | $276.53 | $276.53 | 207.3975 |
| Con Ed | | | 732.71 | 732.71 | 549.5325 |
| Apothocary Products | | | $1,234.98 | $1,234.98 | 926.235 |
| Elizabeth Lynch | | | 36500 | 0 | |
| Health Trans | | | $582.35 | $582.35 | 436.7625 |
| Garfinkel Wils, P.C. | | 3100.01 | $3,100.01 | $3,100.01 | 2325.0075 |
| Bank of America | | | 30985.19 | 30985.19 | 23238.8925 |
| TOTALS: | | 3100.01 | 1722668.82 | 1339080.08 | 1004310.06 |

In addition on the earlier of either a sale of the business, or sale of more than a 25% interest in the Debtor, or at the end of the sixth year after the Effective Date, the Allowed Unsecured Claims shall receive an additional 25% distribution. For example,  in accordance with this schedule, BOA, whose two allowed claims constitute 90.14% of all unsecured creditors' allowed claims, shall be paid (i) $31,270.08 (i.e., 34,690.57 x 90.14%) for each of the first 10 quarterly payments; and (ii) $42,327.41 (i.e., $46,957.41 x 90.14%) for each of the last 14 quarterly payments.  In the

12

event unsecured creditors receive an additional 25% distribution due to the occurrence of any one of the two events set forth in the next paragraph or otherwise at the end of the sixth year after the Effective Date, BOA shall be paid an additional $301,761.15 (i.e., ($1,176.061.27 + $30,985.19) x 25%).

In addition on the earlier of either a sale of the business, or sale of more than a 25% interest in the Debtor, or at the end of the sixth year after the Effective Date, the Allowed Unsecured Claims shall receive an additional 25% distribution.

This Class is impaired.

## CLASS 11 EQUITY CLAIM OF THE MEMBERS OF THE DEBTOR

Class 11 consists of the allowed claim of James Zambri, the shareholder of the Debtor. Mr. Zambri shall retain his interest in the reorganized Debtor in exchange for a "New Value" contribution of at least $100,000.00 and the fact that he has foregone Salary for the first four months of this case in the sum of at least $100,000 that he has earned since the Filing Date. This class is not impaired and is not entitled to vote under the Plan.

## 4.    MEANS FOR EXECUTION OF THE WITHIN PLAN

4.1)    The Debtor shall effectuate the terms of the plan through the use of cash on hand in the Debtor in the sum of approximately $200,000.00 together with a new value contribution by its current shareholder in the sum of at least $100,000.00 for a total sum of at least $300,000.00. The Debtor herein identifies the Debtor as the disbursing agent who shall be the party responsible in making the said distributions. The cash flow of the Debtor will be sufficient to make all payments under the Plan. The projections for the next three years are annexed to this Disclosure Statement. Mr. Zambri agrees to give a restrictive covenant against working for another company in the same field during the repayment period of the Plan. All secured creditors with claims in cash collateral are deemed to consent to the use of that collateral for the purposes of effectuating the Plan.

In addition, James Zambri, PNC and BOA have agreed to enter into a separate agreement (in form and substance satisfactory to PNC, BOA and Mr. Zambri) that (a) resolves, subject to JVJ's compliance with its obligations under the Plan, PNC's pending litigation against Mr. Zambri in the Southern District of New York, and BOA's pending litigation against Mr. Zambri in New Jersey state court; and (b) provides PNC and BOA with, among other things, one or two mortgages (depending on how PNC and BOA, in their sole discretion, decide to proceed) on Mr. Zambri's real estate investment properties located in Staten Island, New York (the "Real Estate Assets"). PNC and BOA will share pro-rata (as to amount) and *pari passu* (as to priority) liens on the Real Estate Assets, which shall serve as additional security for all required payments to PNC and BOA under the Plan. Once the claims, secured and unsecured, of PNC and BOA are

13

satisfied under the terms of the Plan, the liens of PNC and BOA on Mr. Zambri's Real Estate Assets are to be released. Those liens shall also be subordinated for any loan, or as to the net proceeds of the sale of either of the Real Estate Assets, that Mr. Zambri obtains to put (and only to put) new value into the Debtor and/or to fund the Plan. Any post-confirmation sale or refinance of the Real Estate Assets shall be made in consultation with PNC and BOA.

### 5.   CLAIMS IMPAIRED BY THE PLAN

5.1)   Classes  3, 4, 5, 7,8 and 10 are impaired under the Plan.

### 6.   PROVISIONS CONCERNING DISTRIBUTIONS

6.1)   <u>Manner of payments under the Plan.</u>  Payments to be made pursuant to the Plan shall be made by check drawn on a domestic bank.

6.2)   <u>Rounding to the nearest dollar</u>.  Any other provision of the Plan to the contrary withstanding, no payments of portions of a Dollar will be made.  Whenever any payment of a portion of a Dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole Dollar (up or down).

6.3)   <u>Unclaimed cash.</u>  Except as otherwise provided herein, in the event any claimant fails to claim any cash within six (6) months from the date such cash is distributed, such claimant shall forfeit all rights thereof, and to any and all future payments, and thereafter the claim for which such cash was distributed shall be treated as a Disallowed Claim. In this regard, distributions to claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Court or, if no proof of claim is filed, on the schedules filed by the Debtor, or to such other address as may be designated by a claimant in a writing delivered to the Debtor, with a copy to the Debtor's counsel at least one week prior to the distribution.  All unclaimed cash shall be redistributed with the next distribution.

6.4)   <u>Distributed payments or distribution</u>.  In the event of any dispute between and among claimants (including the entity or entities asserting the right to receive the disputed payment or distribution) as to the right of any entity to receive or retain any payment or distribution to be made to such entity under the Plan, they  may, in lieu of making such payment or distribution to such entity, make it instead into an escrow account or to a disbursing agent, for payment or distribution as ordered by a court of competent jurisdiction or as the interested parties to such dispute may otherwise agree among themselves.

6.5)   <u>Full and Final Satisfaction.</u>  All payments, distributions and transfers of cash or  property under the Plan are in full and final satisfaction, settlement and release of all claims against the Debtor and the estate, its agents, professionals and employees of any nature whatsoever existing at the Confirmation Date.  Except as otherwise provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, on the latest to occur of (a) the

14

Effective Date, (b) the entry of a Final Order resolving all Claims in the Chapter 11 Case and (c) the Final Distribution made to holders of Allowed Claims in accordance with the Plan, all Claims against the Debtor and Debtor in Possession, shall be discharged and released in full; provided, however, that, the Bankruptcy Court may, upon request by the Debtor, and notice and a hearing, enter an order setting forth that such Claims shall be deemed discharged and released on such earlier date as determined by the Bankruptcy Court.  All Persons and Entities shall be precluded from asserting against the Debtor, the Debtor in Possession, their successors or assigns, any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not the facts or legal bases therefor were known or existed prior to the Confirmation Date regardless of whether a proof of Claim was filed, whether the holder thereof voted to accept or reject the Plan or whether the Claim is an Allowed Claim.  Nothing in the Disclosure Statement, Plan or the order confirming the Plan, shall operate to release, discharge or modify any of PNC's existing or potential claims, rights, remedies, demands, contracts, promises, suits, actions, causes of action, and right of appeal, both known and unknown, against Mr. Zambri, including without limitation those claims and causes of action asserted by PNC against Mr. Zambri in the District Court litigation.

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, all Persons or Entities who have held, hold or may hold Claims or any other debt or liability that is discharged, terminated or cancelled pursuant to the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or other debt or liability that is terminated or cancelled pursuant to the Plan against the Debtor's estate, or its properties or interests in properties, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against, the Debtor's estate, or their respective properties or interests in properties, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, the Debtor-in-Possession, or against their respective property or interests in property, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559 or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor, the Debtor in Possession or the Reorganized Debtor, or against their respective property or interests in property, with respect to any such Claim or other debt or liability that is discharged that is terminated or cancelled pursuant to the Plan , in respect of: (i)any actions taken prior to Confirmation of the Plan; (ii)the Plan; (iii) the authorization for or the formulation, negotiation, confirmation or consummation of the Plan; (iv)distributions, payments or transfers made under and in accordance with the provisions of the Plan; or (v) acts performed pursuant to the Plan.

## 7.    TREATMENT OF EXECUTORY CONTRACTS AND LEASES

7.1)    Except as provided herein, any and all executory contracts or leases of the Debtor have already been rejected and any that are not expressly assumed herein or previously rejected,

15

or in the Order confirming the Plan, or by Order of the Bankruptcy Court prior to the Effective Date or pursuant to a proceeding or motion commenced prior to the Consummation Date, are hereby assumed pursuant to Section 365 of the Bankruptcy Code.

Any entity whose claim arises from rejection of an executory contract or lease shall, to the extent that such claim becomes an allowed claim, have the rights of an unsecured creditor with respect thereto.  All lease rejection claims shall be filed by no later than fifteen (15) days prior to the Confirmation Hearing in this case.

## 8.   PROCEDURES FOR RESOLVING DISPUTED CLAIMS

8.1)   The Time for Objections to Claims.  Objections to Claims shall be filed by the Debtor with the Court and served upon each holder of each of the Claims to which objections are made not later than thirty (30) days  after the Confirmation Date or within such other time period as may be fixed by the Court, except that unless otherwise extended by Order of the Court, the Debtor may file an objection to the allowance of any Claim filed resulting from the rejection of an executory contract on the later of 45 days following the Confirmation Date or within 45 days after the filing of such Claim and service of a copy of such Claim upon the  Debtor as provided for herein.   The Debtor does not anticipate filing any further objections to claims.

8.2)   Resolution of Disputed Claims.  Unless otherwise ordered by the Court, the Debtor shall litigate to judgment, settle or withdraw objections to Disputed Claim, in his sole discretion, without notice to any party in interest.

8.3) Administrative Bar Date.  The Debtor will be filing an application to set a date in which all administrative claims must be filed and approved by the Court.

8.4)   Payments.  Payments and distributions to each holder of a disputed claim that ultimately becomes an allowed claim by a Final Order of the Court shall be made in accordance with the Plan.  Such payments and distributions shall be made within thirty (30) days after the later of the Distribution date or the entry of a Final Order allowing such Claim.  Payments made in accordance with this section shall not include interest on the amount of such payment.

## 9.   DEFAULT

9.1)   Failure of the Debtor to make the cash distributions required under the Plan to any and all creditors within 15 days of the distribution date or failure of the Debtor to comply with any of the covenants or obligations contained in the Plan, which failure shall remain uncured for a period of ten (10) business days after notice and an opportunity to cure, shall constitute a default under the Plan.  Upon an event of default which remains uncured in accordance with the Plan, any creditor may exercise such remedies as it sees fit under applicable law. The foregoing shall not be construed to prevent the implementation of any modification of the Plan, in accordance with the provisions of the Bankruptcy Code.

**10.**   **RETENTION OF JURISDICTION**

10.1)   The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in Section 1127(b) of the Code and:

(a)   to hear and determine all controversies concerning allowance of Claims;

(b)   to determine any and all applications for compensation for Professional Persons and similar fees;

(c)   to hear and determine any and all pending applications for the rejection or assumption or for the assumption and assignment, as the case may be, of executory contracts to which the Debtor is a party or with respect to which Debtor may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(d)   to determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court;

(e)   to modify the Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile and inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

(f)   to hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

(g)   to hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Chapter 11 case entered on or before the Confirmation Date;

(h)   to hear and determine any and all controversies and disputes arising under, or in connection with, the Plan;

(i)   to adjudicate all controversies concerning the classification of any Claim or Stock Interest;

(j)   to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(k)   to adjudicate all Claims to a security or ownership interest in any property of the Debtor or in any proceeds thereof;

(l)   to adjudicate all claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor during the pendency of

17

the Chapter 11 case;

(m)    to recover all assets and properties of the Debtor wherever located, including the prosecution and adjudication of all causes of action available to the Debtor as at the Confirmation Date;

(n)    to enter any order, including injunctions necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions on such title, rights and powers that the Court may deem necessary or appropriate;

(o)    to enter an order of Consummation concluding and terminating the Chapter 11 case; and

(p)    to hear and determine adversary proceedings seeking the recovery of fraudulent conveyances, preferences or property or assets of the estate; and

(q)    to make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof;

**11.    MISCELLANEOUS PROVISIONS**

11.1)    <u>Payment Dates.</u>   If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or legal holiday, then the making of such payment or the performance of such act may be completed on the next succeeding business day, but shall be deemed to have been completed as of the required date.

11.2)    <u>Notices.</u>   Any notice to be provided under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid to Debtor's counsel by telefax; or by hand delivery, addressed as follows:

        Law Offices of Avrum J. Rosen, PLLC
        38 New Street
        Huntington, New York  11743
        FAX # (631) 423-4536

All payments, notices and requests to Claimants, shall be sent to them at their last known address.  The Debtor or any Claimant may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt, which receipt shall be deemed to be on the third business day after mailing.  Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

18

11.3)   <u>Professional Fees.</u>   Following the Confirmation Date, the estate of the Debtor shall be responsible for payment, and shall pay reasonable compensation and reimbursement of expenses due to professionals retained by Debtor (the "Professionals"), for services rendered post-confirmation.   Payment shall be made upon the submission of invoices, by the Professionals to the Debtor, within ten (10) days of receipt of the invoices, without approval or review by the Court, unless an objection is raised.   The invoices shall be forwarded to the Office of the United States Trustee, unless all creditors have been paid in full.   In the event an objection is raised, then appropriate applications for reimbursement shall be made to the Court and paid upon order of the Court.

11.4)   <u>Headings.</u>   The headings used in the Plan are inserted for convenience only and are not to be deemed a substantive portion of the Plan nor in any manner are they to affect the provisions of the Plan.

11.5)   <u>Severability.</u>   Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

11.6)   <u>Governing Law.</u>   Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

11.7)   <u>Successors and Assigns.</u>   The rights and obligations of any entity named or referred to in the Plan shall be binding upon and shall inure to the benefit of, the successors and assigns of such entity.

11.8)   <u>Re-vesting of Property upon Confirmation.</u>   Upon the confirmation of this Plan, the debtor shall be re-vested with legal and equitable title to his property and the property of the estate.

11.9)   <u>Outstanding Fees due to Office of United States Trustee.</u>   Any outstanding fees due to the Office of the United States Trustee will accrue and be  paid in full through the entry of a

final decree.

Dated: Huntington, New York
      June 25, 2013

                    JVJ Pharmacy, Inc. d/b/a University Chemists

                  By:   <u>S/James Zambri</u>
                        James Zambri

                  The Law Offices of Avrum J. Rosen, PLLC

                By:   <u>S/Avrum J. Rosen</u>
                        Avrum J. Rosen (AJR4016)
                        (a member of the firm)
                        38 New Street
                        Huntington, NY 11743
                        (631) 423-8527
                        <u>ajrlaw@aol.com</u>

20

# EXHIBIT D





**STATEMENT**

Number: 55692897   Date: 03-31-2017   1 of 1

| Division | AMERISOURCEBERGEN DRUG CORP<br>5500 New Horizons Blvd<br>North Amityville NY 11701<br>866-451-9655 |
|---|---|

| Customer | *JVJ PHARMACY INC(Z)<br>DBA UNIVERSITY CHEMISTS<br>74 UNIVERSITY PLACE<br>NEW YORK NY 10003-4504<br>Account: 100057308 / 023095836 |
|---|---|

| Remit To | AMERISOURCEBERGEN DRUG CORP<br>PO Box 5188<br>NEW YORK NY 10087-5188 |
|---|---|

| Summary | Not Yet Due: | 0.00 |
|---|---|---|
| | Current: | 0.00 |
| | Past Due: | 336,256.10 |
| | Total Due: | 336,256.10 |
| | Account Balance: | 336,256.10 |

## Account Activity

| Activity Date | Due Date | Reference Number | Purchase Order Number | Activity Type | Amount |
|---|---|---|---|---|---|
| 05-13-2011 | 05-12-2011 | 800249344 | NSF FEE 05/12/11 | NSF check fees | 50.00 |
| 05-16-2011 | 06-10-2011 | 023126486 | LIZ | Invoice B1 | 7,635.96 |
| 05-18-2011 | 06-10-2011 | 023134394 | LIZ | Invoice B1 | 15,271.92 |
| 06-28-2011 | 07-10-2011 | 023244943 | 0000000000 | Invoice B1 | 123.55 |
| 06-29-2011 | 07-10-2011 | 023245733 | 0000000000 | Invoice B1 | 33,489.96 |
| 07-26-2011 | 08-10-2011 | 023312906 | 0000000000 | Invoice B1 | 123.55 |
| 07-31-2011 | 08-10-2011 | 800290297 | | Late Charge fee | 67,863.49 |
| 08-26-2011 | 09-10-2011 | 023391148 | 0000000000 | Invoice B1 | 123.55 |
| 08-31-2011 | 09-10-2011 | 800315295 | | Late Charge fee | 12,028.10 |
| 09-27-2011 | 10-10-2011 | 023467121 | 0000000000 | Invoice B1 | 123.55 |
| 09-30-2011 | 10-10-2011 | 800315664 | | Late Charge fee | 10,207.06 |
| 07-20-2012 | 08-10-2012 | 560411751 | 30626755 | Invoice | (411.46) |
| 06-09-2015 | 05-25-2015 | 601259916 | | Customer Document | 1,970.03 |
| 02-23-2016 | 05-10-2011 | 601492093 | RETURNED PYMT. | Customer Document | 187,522.95 |
| 08-17-2016 | 08-10-2011 | 601627084 | | Customer Document | 133.89 |

## Reminders

| Due Date | Amount |
|---|---|
| 05-10-2011 | 187,522.95 |
| 05-12-2011 | 50.00 |
| 06-10-2011 | 22,907.88 |
| 07-10-2011 | 33,613.51 |
| 08-10-2011 | 68,120.93 |
| 09-10-2011 | 12,151.65 |
| 10-10-2011 | 10,330.61 |
| 08-10-2012 | (411.46) |
| 05-25-2015 | 1,970.03 |
| | **Total Due:** 336,256.10 |

Terms:
  Semi-Monthly due in 10 days

Processing Number    00000001809408756

# EXHIBIT E

**AmerisourceBergen®**                    STATEMENT        Number: 55723236   Date: 04-07-2017   1 of 5

| Division | |
|---|---|
| AMERISOURCEBERGEN DRUG CORP | |
| 5500 New Horizons Blvd | |
| North Amityville | NY    11701 |
| 866-451-9655 | |

| Remit To | |
|---|---|
| AMERISOURCEBERGEN DRUG CORP | |
| PO Box 5188 | |
| NEW YORK | NY    10087-5188 |

| Customer | |
|---|---|
| *JVJ PHARMACY INC | |
| DBA UNIVERSITY CHEMISTS | |
| 74 UNIVERSITY PLACE | |
| NEW YORK | NY    10003-4504 |
| Account:   100088371    / 023133595 | |

| Summary | |
|---|---|
| Not Yet Due: | 0.00 |
| Current: | 0.00 |
| Past Due: | 973,506.69 |
| Total Due: | 973,506.69 |
| Account Balance: | 973,506.69 |

## Account Activity

| Activity Date | Due Date | Reference Number | Purchase Order Number | Activity Type | Amount |
|---|---|---|---|---|---|
| 01-16-2016 | 02-10-2016 | 771627710 | 20160115 | Invoice | 1,114.95 |
| 01-16-2016 | 02-10-2016 | 771630309 | 20160115 | Invoice | 11,641.49 |
| 01-16-2016 | 02-10-2016 | 771630310 | 20160115 | Invoice | 1,434.43 |
| 01-16-2016 | 02-10-2016 | 771630381 | 20160115 | Invoice | 2,421.63 |
| 01-16-2016 | 02-10-2016 | 771631737 | 20160115 | Invoice | 12,680.79 |
| 01-18-2016 | 02-10-2016 | 771677746 | 20160116 | Invoice | 18,236.50 |
| 01-18-2016 | 02-10-2016 | 771677747 | 20160116 | Invoice | 20.21 |
| 01-18-2016 | 02-10-2016 | 771713375 | 20160118 | Invoice | 4,515.01 |
| 01-18-2016 | 02-10-2016 | 771713796 | 20160118 | Invoice | 425.35 |
| 01-18-2016 | 02-10-2016 | 771713797 | 20160118 | Invoice | 538.03 |
| 01-18-2016 | 02-10-2016 | 771714213 | 20160118 | Invoice | 8,262.83 |
| 01-18-2016 | 02-10-2016 | 792521926 | 20160115 | Invoice | 11,105.38 |
| 01-19-2016 | 02-10-2016 | 771740441 | 20160118 | Invoice | 9,176.36 |
| 01-19-2016 | 02-10-2016 | 771740442 | 20160118 | Invoice | 604.09 |
| 01-19-2016 | 02-10-2016 | 771742625 | 20160118 | Invoice | 2,891.52 |
| 01-19-2016 | 02-10-2016 | 771747707 | 20160118 | Invoice | 469.16 |
| 01-19-2016 | 02-10-2016 | 771761586 | 20160118 | Invoice | 327.20 |
| 01-19-2016 | 02-10-2016 | 771788272 | 20160118 | Invoice | 10,973.72 |
| 01-19-2016 | 02-10-2016 | 771793132 | 20160119 | Invoice | 17,074.04 |
| 01-19-2016 | 02-10-2016 | 792523827 | 20160118 | Invoice | 10,337.47 |
| 01-20-2016 | 02-10-2016 | 573889974 | 20160118 | Invoice | (6,232.06) |
| 01-20-2016 | 02-10-2016 | 771839332 | 20160119 | Invoice | 304.74 |
| 01-20-2016 | 02-10-2016 | 771869627 | 20160119 | Invoice | 21,337.62 |
| 01-20-2016 | 02-10-2016 | 771869628 | 20160119 | Invoice | 499.02 |
| 01-20-2016 | 02-10-2016 | 792526702 | 20160118 | Invoice | 5,676.48 |
| 01-20-2016 | 02-10-2016 | 792526703 | 20160119 | Invoice | 2,838.24 |
| 01-21-2016 | 01-10-2016 | 01/21WT | 20151230 | Customer Document | 8,000.00 |
| 01-21-2016 | 02-10-2016 | 573901771 | 9060158226 | Invoice | (976.47) |
| 01-21-2016 | 02-10-2016 | 792529875 | 20160106 | Invoice | 579.00 |
| 01-22-2016 | 02-10-2016 | 801531806 | | PRxO or Brand Rebate | (1,848.34) |
| 01-22-2016 | 02-10-2016 | 771973586 | 20160120 | Invoice | 16,112.24 |
| 01-22-2016 | 02-10-2016 | 771973587 | 20160120 | Invoice | 563.97 |
| 01-22-2016 | 02-10-2016 | 771973588 | 20160121 | Invoice | 12,108.32 |
| 01-22-2016 | 02-10-2016 | 771973589 | 20160119 | Invoice | 123.63 |
| 01-22-2016 | 02-10-2016 | 771992960 | 20160121 | Invoice | 5,683.59 |
| 01-22-2016 | 02-10-2016 | 771993681 | 20160121 | Invoice | 889.63 |
| 01-22-2016 | 02-10-2016 | 771993682 | 20160121 | Invoice | 3,126.51 |
| 01-22-2016 | 02-10-2016 | 772005239 | 20160121 | Invoice | 76.48 |
| 01-22-2016 | 02-10-2016 | 772044567 | 20160122 | Invoice | 6,536.55 |
| 01-22-2016 | 02-10-2016 | 772044568 | 20160122 | Invoice | 1,010.02 |
| 01-22-2016 | 02-10-2016 | 792532712 | 20160120 | Invoice | 4,680.30 |
| 01-23-2016 | 02-10-2016 | 772050790 | 20160122 | Invoice | 25.18 |
| 01-23-2016 | 02-10-2016 | 772050858 | 20160122 | Invoice | 958.90 |
| 01-23-2016 | 02-10-2016 | 772051281 | 20160122 | Invoice | 11,789.76 |
| 01-23-2016 | 02-10-2016 | 772051282 | 20160122 | Invoice | 1,515.03 |
| 01-25-2016 | 02-10-2016 | 772131352 | 20160125 | Invoice | 4,308.07 |
| 01-26-2016 | 02-10-2016 | 772177627 | 20160125 | Invoice | 25,819.06 |
| 01-26-2016 | 02-10-2016 | 772177628 | 20160125 | Invoice | 1,009.01 |

**AmerisourceBergen®**          STATEMENT          Number: 55723236   Date:   20170407      2 of 5

## Account Activity

| Activity Date | Due Date | Reference Number | Purchase Order Number | Activity Type | Amount |
|---|---|---|---|---|---|
| 01-26-2016 | 02-10-2016 | 772206526 | 20160125 | Invoice | 7,164.54 |
| 01-26-2016 | 02-10-2016 | 772206527 | 20160125 | Invoice | 13.28 |
| 01-26-2016 | 02-10-2016 | 772212356 | 20160126 | Invoice | 8,642.70 |
| 01-26-2016 | 02-10-2016 | 772212357 | 20160126 | Invoice | 2,527.82 |
| 01-27-2016 | 02-10-2016 | 772244172 | 20160126 | Invoice | 38,296.90 |
| 01-27-2016 | 02-10-2016 | 772244173 | 20160126 | Invoice | 101.70 |
| 01-27-2016 | 02-10-2016 | 772263878 | 20160126 | Invoice | 71.10 |
| 01-27-2016 | 02-10-2016 | 772286795 | 20160126 | Invoice | 10,766.71 |
| 01-27-2016 | 02-10-2016 | 772292851 | 20160127 | Invoice | 5,909.98 |
| 01-27-2016 | 02-10-2016 | 772292852 | 20160127 | Invoice | 499.02 |
| 01-27-2016 | 02-10-2016 | 792542152 | 20160126 | Invoice | 21,631.71 |
| 01-28-2016 | 02-10-2016 | 550423022 | 023133595 | Invoice | 190.00 |
| 01-28-2016 | 02-10-2016 | 772302995 | 20160127 | Invoice | 1,359.26 |
| 01-28-2016 | 02-10-2016 | 772367039 | 20160127 | Invoice | 4,106.40 |
| 01-28-2016 | 02-10-2016 | 772367040 | 20160127 | Invoice | 499.02 |
| 01-28-2016 | 02-10-2016 | 772372646 | 20160128 | Invoice | 3,095.65 |
| 01-28-2016 | 02-10-2016 | 772372647 | 20160121 | Invoice | 842.74 |
| 01-29-2016 | 02-10-2016 | 772419640 | 20160128 | Invoice | 18,445.67 |
| 01-29-2016 | 02-10-2016 | 772420061 | 20160128 | Invoice | 40.50 |
| 01-29-2016 | 02-10-2016 | 772421639 | 20160128 | Invoice | 173.15 |
| 01-29-2016 | 02-10-2016 | 772450001 | 20160128 | Invoice | 23,258.26 |
| 01-29-2016 | 02-10-2016 | 772454812 | 20160129 | Invoice | 1,556.32 |
| 01-29-2016 | 02-10-2016 | 772454813 | 20160129 | Invoice | 877.44 |
| 01-29-2016 | 02-10-2016 | 772455898 | 20160129 | Invoice | 305.84 |
| 01-29-2016 | 02-10-2016 | 772455899 | 20160129 | Invoice | 17.73 |
| 01-29-2016 | 02-10-2016 | 792548038 | 20160127 | Invoice | 11,352.96 |
| 01-29-2016 | 02-10-2016 | 792548039 | 20160127 | Invoice | 12,080.68 |
| 01-29-2016 | 02-10-2016 | 792548040 | LIZ | Invoice | 10,769.38 |
| 01-29-2016 | 02-10-2016 | 792548042 | LIZ | Invoice | 22,529.18 |
| 01-30-2016 | 02-10-2016 | 772463005 | 20160129 | Invoice | 5,886.79 |
| 01-30-2016 | 02-10-2016 | 772463006 | 20160129 | Invoice | 499.02 |
| 01-30-2016 | 02-10-2016 | 772463102 | 20160129 | Invoice | 438.72 |
| 01-30-2016 | 02-10-2016 | 772463103 | 20160129 | Invoice | 4,629.56 |
| 01-30-2016 | 02-10-2016 | 792550032 | Liz | Invoice | 250.61 |
| 02-01-2016 | 02-25-2016 | 772514351 | 20160130 | Invoice | 42,893.17 |
| 02-01-2016 | 02-25-2016 | 772514352 | 20160130 | Invoice | 1,551.30 |
| 02-01-2016 | 02-25-2016 | 772514353 | 20160130 | Invoice | 76.09 |
| 02-01-2016 | 02-25-2016 | 772549277 | 20160130 | Invoice | 3,270.62 |
| 02-01-2016 | 02-25-2016 | 772552252 | 20160201 | Invoice | 5,485.62 |
| 02-01-2016 | 02-25-2016 | 772552253 | 20160201 | Invoice | 13.28 |
| 02-01-2016 | 02-25-2016 | 792550917 | 20160128 | Invoice | 8,227.94 |
| 02-02-2016 | 02-25-2016 | 792554958 | 20160130 | Invoice | 23,300.48 |
| 02-02-2016 | 02-25-2016 | 792554959 | 20160201liz | Invoice | 18,577.68 |
| 02-03-2016 | 02-25-2016 | 772661637 | 20160201 | Invoice | 24,165.04 |
| 02-03-2016 | 02-25-2016 | 772661638 | 20160201 | Invoice | 271.80 |
| 02-03-2016 | 02-25-2016 | 772661639 | 20160202 | Invoice | 2,254.61 |
| 02-03-2016 | 02-25-2016 | 772661640 | 20160128 | Invoice | 68.36 |
| 02-03-2016 | 02-25-2016 | 772722440 | 20160202 | Invoice | 38,482.81 |
| 02-03-2016 | 02-25-2016 | 772723181 | 20160202 | Invoice | 2,608.06 |
| 02-03-2016 | 02-25-2016 | 772723517 | 20160203 | Invoice | 205.30 |
| 02-03-2016 | 02-25-2016 | 772723628 | 20160203 | Invoice | 1,155.58 |
| 02-03-2016 | 02-25-2016 | 772723629 | 20160203 | Invoice | 877.44 |
| 02-03-2016 | 02-25-2016 | 792556614 | 20160201 | Invoice | 7,740.70 |
| 02-04-2016 | 02-25-2016 | 772734682 | 20160203 | Invoice | 275.19 |
| 02-04-2016 | 02-25-2016 | 772765498 | 20160203 | Invoice | 3,822.14 |
| 02-04-2016 | 02-25-2016 | 772768299 | 20160203 | Invoice | 6,624.77 |
| 02-04-2016 | 02-25-2016 | 772768300 | 20160203 | Invoice | 45.38 |

**AmerisourceBergen®**          STATEMENT          Number: 55723236   Date:      20170407      3 of 5

## Account Activity

| Activity Date | Due Date | Reference Number | Purchase Order Number | Activity Type | Amount |
|---|---|---|---|---|---|
| 02-04-2016 | 02-25-2016 | 772797147 | 20160203 | Invoice | 7,805.30 |
| 02-04-2016 | 02-25-2016 | 772801779 | 20160203 | Invoice | 49.79 |
| 02-04-2016 | 02-25-2016 | 772803098 | 20160204 | Invoice | 64.66 |
| 02-04-2016 | 02-25-2016 | 772803304 | 20160204 | Invoice | 779.56 |
| 02-04-2016 | 02-25-2016 | 792559275 | 20160202 | Invoice | 12,080.68 |
| 02-04-2016 | 02-25-2016 | 792561273 | 20160202 | Invoice | 4,257.36 |
| 02-04-2016 | 02-25-2016 | 792561274 | 20160202 | Invoice | 10,337.47 |
| 02-05-2016 | 02-25-2016 | 772854858 | 20160204 | Invoice | 19,818.67 |
| 02-05-2016 | 02-25-2016 | 772861810 | 20160204 | Invoice | 11.43 |
| 02-05-2016 | 02-25-2016 | 772862191 | 20160204 | Invoice | 8,166.09 |
| 02-05-2016 | 02-25-2016 | 772883309 | 20160204 | Invoice | 7,298.23 |
| 02-05-2016 | 02-25-2016 | 772890050 | 20160205 | Invoice | 189.52 |
| 02-05-2016 | 02-25-2016 | 772890601 | 20160205 | Invoice | 526.18 |
| 02-05-2016 | 02-25-2016 | 772890602 | 20160205 | Invoice | 78.02 |
| 02-05-2016 | 02-25-2016 | 772890604 | 20160205liz | Invoice | 9.20 |
| 02-05-2016 | 02-25-2016 | 792562510 | 20160203 | Invoice | 2,838.24 |
| 02-06-2016 | 02-25-2016 | 772897699 | 20160205 | Invoice | 5,061.81 |
| 02-06-2016 | 02-25-2016 | 772897700 | 20160205 | Invoice | 998.04 |
| 02-06-2016 | 02-25-2016 | 772897951 | 20160205 | Invoice | 1,533.65 |
| 02-06-2016 | 02-25-2016 | 772898144 | 20160205 | Invoice | 5.78 |
| 02-06-2016 | 02-25-2016 | 772899343 | 20160205 | Invoice | 1,126.13 |
| 02-06-2016 | 02-25-2016 | 772899344 | 20160205 | Invoice | 22.92 |
| 02-08-2016 | 02-25-2016 | 772949053 | 20160206 | Invoice | 10,249.28 |
| 02-08-2016 | 02-25-2016 | 772949054 | 20160206 | Invoice | 19.20 |
| 02-08-2016 | 02-25-2016 | 772984431 | 20160206 | Invoice | 3,704.92 |
| 02-08-2016 | 02-25-2016 | 772986946 | 20160208 | Invoice | 24,613.31 |
| 02-08-2016 | 02-25-2016 | 792565461 | 20160205 | Invoice | 3,943.27 |
| 02-08-2016 | 02-25-2016 | 792566157 | 20160204 | Invoice | 4,096.68 |
| 02-09-2016 | 02-25-2016 | 574330895 | 20160206 | Invoice | (815.90) |
| 02-09-2016 | 02-25-2016 | 773008153 | 20160208 | Invoice | 696.41 |
| 02-09-2016 | 02-25-2016 | 773017044 | 20160208 | Invoice | 8.54 |
| 02-09-2016 | 02-25-2016 | 773036813 | 20160208 | Invoice | 28,913.05 |
| 02-09-2016 | 02-25-2016 | 773036814 | 20160208 | Invoice | 175.73 |
| 02-09-2016 | 02-25-2016 | 773043550 | 20160208 | Invoice | 1,714.12 |
| 02-09-2016 | 02-25-2016 | 773065412 | 20160208 | Invoice | 4,289.23 |
| 02-09-2016 | 02-25-2016 | 773070966 | 20160208 | Invoice | 13,567.09 |
| 02-09-2016 | 02-25-2016 | 773070967 | 20160209 | Invoice | 20.85 |
| 02-09-2016 | 02-25-2016 | 792568638 | 20160208 | Invoice | 12,080.68 |
| 02-10-2016 | 02-25-2016 | 773127755 | 20160209 | Invoice | 68,325.17 |
| 02-10-2016 | 02-25-2016 | 773127756 | 20160209 | Invoice | 5,313.21 |
| 02-10-2016 | 02-25-2016 | 773131666 | 20160209 | Invoice | 1,121.60 |
| 02-10-2016 | 02-25-2016 | 773146230 | 20160209 | Invoice | 3,033.09 |
| 02-10-2016 | 02-25-2016 | 773147769 | 20160209 | Invoice | 73,011.12 |
| 02-10-2016 | 02-25-2016 | 773147770 | 20160209 | Invoice | 2,502.13 |
| 02-10-2016 | 02-25-2016 | 773151739 | 20160210 | Invoice | 7,779.11 |
| 02-10-2016 | 02-25-2016 | 773151740 | 20160210 | Invoice | 162.00 |
| 02-10-2016 | 02-25-2016 | 773151775 | 20160209 | Invoice | 2,249.23 |
| 02-10-2016 | 02-25-2016 | 773151853 | 4520526536 | Invoice | 304.74 |
| 02-10-2016 | 02-25-2016 | 792571111 | 20160205 | Invoice | 475.73 |
| 02-10-2016 | 02-25-2016 | 792571112 | 20160208 | Invoice | 5,752.00 |
| 02-10-2016 | 02-25-2016 | 792571113 | 20160209 | Invoice | 12,080.68 |
| 02-11-2016 | 02-25-2016 | 574428578 | 9060169971 | Invoice | (27.00) |
| 02-11-2016 | 02-25-2016 | 773164451 | 4520531354 | Invoice | 122.98 |
| 02-11-2016 | 02-25-2016 | 773191114 | 20160210 | Invoice | 7,354.04 |
| 02-11-2016 | 02-25-2016 | 773191115 | 20160210 | Invoice | 2,980.63 |
| 02-11-2016 | 02-25-2016 | 773205810 | 20160210 | Invoice | 2,007.65 |
| 02-15-2016 | 02-25-2016 | 801555921 | | Late Charge fee | 2,879.88 |

**AmerisourceBergen®**　　　　STATEMENT　　　　Number: 55723236　Date:　20170407　4 of 5

## Account Activity

| Activity Date | Due Date | Reference Number | Purchase Order Number | Activity Type | Amount |
|---|---|---|---|---|---|
| 02-25-2016 | 03-10-2016 | 801558521 | | Customer Credit Memo | (299.05) |
| 02-26-2016 | 03-10-2016 | 550432121 | 023133595 | Invoice | 190.00 |
| 02-29-2016 | 03-10-2016 | 801564812 | | Late Charge fee | 4,313.09 |
| 03-14-2016 | 03-14-2016 | 574959098 | 20160224 | Invoice | (2,233.16) |
| 03-25-2016 | 03-25-2016 | 575281236 | 20151229 | Invoice | (1,712.44) |
| 03-25-2016 | 03-25-2016 | 575281237 | 20151229 | Invoice | 1,060.00 |
| 03-25-2016 | 03-25-2016 | 575281238 | 20151231 | Invoice | (35.94) |
| 03-25-2016 | 03-25-2016 | 575281239 | 20151231 | Invoice | 27.89 |
| 03-25-2016 | 03-25-2016 | 575281240 | 20160104 | Invoice | (80.58) |
| 03-25-2016 | 03-25-2016 | 575281241 | 20160104 | Invoice | 59.04 |
| 03-25-2016 | 03-25-2016 | 575281242 | 20160106 | Invoice | (856.22) |
| 03-25-2016 | 03-25-2016 | 575281243 | 20160106 | Invoice | 530.00 |
| 03-25-2016 | 03-25-2016 | 575281246 | 20160107 | Invoice | (856.22) |
| 03-25-2016 | 03-25-2016 | 575281247 | 20160107 | Invoice | 530.00 |
| 03-25-2016 | 03-25-2016 | 575281260 | 20160113 | Invoice | (428.11) |
| 03-25-2016 | 03-25-2016 | 575281261 | 20160113 | Invoice | 265.00 |
| 03-25-2016 | 03-25-2016 | 575281264 | 20160115 | Invoice | (428.11) |
| 03-25-2016 | 03-25-2016 | 575281265 | 20160115 | Invoice | 265.00 |
| 03-25-2016 | 03-25-2016 | 575281270 | 20160118 | Invoice | (856.22) |
| 03-25-2016 | 03-25-2016 | 575281271 | 20160118 | Invoice | 542.20 |
| 03-25-2016 | 03-25-2016 | 575281286 | 20160120 | Invoice | (856.22) |
| 03-25-2016 | 03-25-2016 | 575281287 | 20160120 | Invoice | 542.20 |
| 03-25-2016 | 03-25-2016 | 575281296 | 20160126 | Invoice | (856.22) |
| 03-25-2016 | 03-25-2016 | 575281297 | 20160126 | Invoice | 542.20 |
| 03-25-2016 | 03-25-2016 | 575281298 | 20160126 | Invoice | (428.11) |
| 03-25-2016 | 03-25-2016 | 575281299 | 20160126 | Invoice | 271.10 |
| 03-25-2016 | 03-25-2016 | 575281300 | 20160127 | Invoice | (428.11) |
| 03-25-2016 | 03-25-2016 | 575281301 | 20160127 | Invoice | 271.10 |
| 03-25-2016 | 03-25-2016 | 575281302 | 20160127 | Invoice | (71.88) |
| 03-25-2016 | 03-25-2016 | 575281303 | 20160127 | Invoice | 55.78 |
| 03-28-2016 | 04-10-2016 | 550440691 | 023133595 | Invoice | 190.00 |
| 03-29-2016 | 04-10-2016 | 792665234 | 20160209 | Invoice | 14,982.14 |
| 04-27-2016 | 05-10-2016 | 550451041 | 023133595 | Invoice | 190.00 |
| 05-16-2016 | 05-16-2016 | 801618680 | | Basic Rebate | (309.38) |
| 05-28-2016 | 06-10-2016 | 550461602 | 023133595 | Invoice | 80.00 |
| 06-27-2016 | 03-29-2016 | 601598195 | | Customer Document | (15,000.00) |
| 06-27-2016 | 05-10-2016 | 601598196 | | Customer Document | (15,000.00) |
| 06-29-2016 | 06-29-2016 | 801646005 | | Customer Credit Memo | (15.60) |
| 06-29-2016 | 06-29-2016 | 000001031 | POA | Customer Payment | (15,000.00) |
| 07-07-2016 | 07-07-2016 | 000001033 | | Customer Payment | (15,000.00) |
| 08-02-2016 | 08-02-2016 | 000001050 | ck 1050 | Customer Payment | (15,000.00) |
| 09-28-2016 | 09-28-2016 | 000001092 | | Customer Payment | (15,000.00) |

## Reminders

| Due Date | Amount |
|---|---|
| 01-10-2016 | 8,000.00 |
| 02-10-2016 | 461,594.98 |
| 02-25-2016 | 579,756.54 |
| 03-10-2016 | 4,204.04 |
| 03-14-2016 | (2,233.16) |
| 03-25-2016 | (2,932.87) |
| 03-29-2016 | (15,000.00) |
| 04-10-2016 | 15,172.14 |
| 05-10-2016 | (14,810.00) |
| 05-16-2016 | (309.38) |
| 06-10-2016 | 80.00 |

AmerisourceBergen®            STATEMENT            Number: 55723236    Date:    20170407        5 of 5

| Reminders | |
|---|---:|
| **Due Date** | **Amount** |
| 06-29-2016 | (15,015.60) |
| 07-07-2016 | (15,000.00) |
| 08-02-2016 | (15,000.00) |
| 09-28-2016 | (15,000.00) |
| Total Due: | 973,506.69 |

Terms:
  Inv Monthly Prepaid 01