NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION,<br><br>    *Plaintiff*,<br><br>v.<br><br>JAMES F. ZAMBRI,<br><br>    *Defendants*. | Civil Action No. 16-9464<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff AmerisourceBergen Drug Corporation's ("ABDC" or "Plaintiff") unopposed motion for default judgment against Defendant James F. Zambri ("Zambri" or "Defendant") pursuant to Fed. R. Civ. P. 55(b). D.E. 8. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is granted.

## II. FACTS[1] AND PROCEDURAL HISTORY

Plaintiff is a supplier of medical and pharmaceutical products. Complaint ("Compl.") ¶ 3. Defendant Zambri is the president and sole shareholder of JVJ Pharmacy, Inc. ("JVJ"). *Id.* ¶ 4.

---

[1] The facts of this matter derive from the Complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment. D.E. 8. Additionally, the Court requested supporting documentation for the principal amount requested in Plaintiff's motion. D.E. 9. In response, Plaintiff filed additional exhibits that support the amount requested. D.E. 10.

On or about December 15, 2010, Zambri, on behalf of JVJ, entered into a vendor agreement (the "Agreement") with ABDC. *Id.* ¶ 5. The Agreement, which was for five years, provided that JVJ would purchase no less than 95% of all its prescription products from ABDC in return for a discounted rate. *Id.* Ex. A. The Agreement also stated that the outstanding balance for any late payments would be subject to an 18% interest rate or the maximum rate permitted by law. *Id.* ¶ 9. On December 13, 2010, Zambri entered into a guaranty agreement (the "Guaranty"), personally guaranteeing ABDC full payment regarding JVJ. *Id.* ¶ 6; *id.* Ex. B. ¶ 1.

Plaintiff alleges that, "[i]n reliance on the Agreement and the Guaranty . . . ABDC sold pharmaceuticals to JVJ on open account and issued invoices to JVJ for the pharmaceuticals." *Id.* ¶ 7. Subsequently, JVJ defaulted on its obligations to ABDC by failing to pay for the pharmaceuticals as required. *Id.* ¶ 8. On November 3, 2011, JVJ filed a voluntary petition in bankruptcy under 11 U.S.C. § 101 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *Id.* ¶ 11. On August 6, 2013, the Bankruptcy Court confirmed JVJ's plan of reorganization, in which JVJ agreed to pay the amounts due to ABDC in periodic installments with 6% interest per annum. *Id.*

ABDC continued to supply pharmaceuticals to JVJ. *Id.* ¶ 13. Then, on March 3, 2016, JVJ filed another voluntary petition in bankruptcy under 11 U.S.C. § 101.[2] *Id.* ¶ 15. As of that date, JVJ still owed ABDC $340,793.86 from the previous bankruptcy claim ("Debt I"). *Id.* ¶ 12. Additionally, as of December 21, 2016, JVJ owed ABDC $973,506.69 for pharmaceuticals supplied from January 10, 2016 to March 3, 2016 ("Debt II"). *Id.* ¶ 14. Zambri has failed to pay JVJ's outstanding balance to ABDC despite ABDC's written demand dated February 24, 2016.

---

[2] The bankruptcy case was pending as of December 21, 2016. *Id.*

*Id.* ¶ 16. Plaintiff alleges that as of December 21, 2016, JVJ owes a total amount of $1,314,200.55 to ABDC. *Id.* ¶ 18.

On December 23, 2016, ABDC filed a two-count complaint against Zambri, seeking payment of JVJ's outstanding balance to ABDC, attorney's fees, costs, and other charges permitted under the Agreement. *Id.* After being served with the complaint, Zambri failed to answer, move, or otherwise respond. On February 22, 2017, default was entered against Zambri. D.E. 6. On March 10, 2017, ABDC filed this motion for a default judgment. D.E. 8.

### III. LAW AND ANALYSIS

#### A. Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally,

3

the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

## B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

### i. Subject Matter Jurisdiction

To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy that exceeds the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Here, Plaintiff is a Delaware corporation with its principal place of business in Pennsylvania. Compl. ¶ 1. Therefore, Plaintiff is a citizen of both Delaware and Pennsylvania. *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) ("[F]or purposes of diversity jurisdiction, a corporation is a citizen of both the state of its incorporation and the state in which it has its principal place of business."). The Complaint indicates that Zambri is a citizen and resident of New Jersey. *Id.* ¶¶ 2, 19. Damages are alleged in excess of $75,000. *Id.* ¶¶ 18, 19. Accordingly, the Court has diversity jurisdiction

because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the statutory threshold.

### ii. Personal Jurisdiction

As to this inquiry, the Court must consider whether it possesses personal jurisdiction over Defendant, an individual who resides in and is a citizen of New Jersey. Compl. ¶¶ 2, 19. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks omitted). Here, Plaintiff alleges that Zambri is a resident and citizen of New Jersey. *Id.* ¶¶ 2, 19. Therefore, New Jersey is his "home," and this Court has personal jurisdiction over Zambri.

### iii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). Zambri, an individual, may be served by "delivering a copy of the summons and of the complaint to [him] personally." *Id.* at 4(e)(2)(A). Zambri was personally served with the Summons and Complaint. Thus, the Court finds that Zambri was properly served.

### C. Sufficiency of Causes of Action and Damages

Plaintiff alleges causes of action for breach of contract, and in the alternative, for unjust enrichment. Compl. ¶¶ 21-28.[3] "To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his

---

[3] Since the Court finds that Plaintiff has adequately pled its breach of contract claim, it will not address the claim for unjust enrichment.

5

obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007).

Here, Plaintiff adequately pleads the elements of breach of contract. Plaintiff pleads (1) the existence of a valid contract, the Guaranty, between Plaintiff and Defendant, (2) that Defendant breached the Guaranty by failing to pay ABDC for JVJ's liabilities pursuant to the Agreement, and (3) that Plaintiff was harmed by Defendant's breach through nonpayment of the amount JVJ defaulted, along with interest, and attorneys' fees and costs.[4] Plaintiff also adequately pled that it was in compliance with the Agreement. Plaintiff alleges that it continued to supply pharmaceuticals to JVJ despite its breach. Compl. ¶ 13. Additionally, Plaintiff has adequately submitted proof of damages through an affidavit and exhibits demonstrating that $356,761.27 is owed for Debt I ($336,256.10 in principal and $20,505.17 in interest) and $947,583.79 is owed for Debt II ($912,441.13 in principal and $35,097.66 in interest), totaling $1,304,300.06. D.E. 8; D.E. 10 Ex. D (invoices showing that $336,256.10 in principal remains on Debt I); *id.* Ex. E (invoices demonstrating the $973,506.69 owed on Debt II prior to the onset of this litigation)[5]; *see also Moroccanoil*, 2015 WL 6673839, at *2 ("Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages."). Accordingly, Plaintiff has sufficiently alleged a cause of action for breach of contract establishing Defendant's liability and damages owed for purposes of this default judgment motion.

### D. Default Judgment

---

[4] The complaint also seeks damages for "attorneys' fees and costs," however, it does not appear that Plaintiff seeks those amounts in its motion for default judgment. *See* D.E. 1 ¶¶ 23, 28.

[5] After Plaintiff filed its Complaint in this matter, Defendant made partial payments to Plaintiff in the amount of $61,065.56. D.E. 8, at 3.

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Zambri executed the Guaranty and subsequently failed to perform under the terms of that agreement. Second, Plaintiff has been prejudiced by Defendant's failure to answer. Without a default judgment, "Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendant's failure to answer, without providing any reasonable explanation, demonstrates his culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-2027, 2016 845141, at *4 (D.N.J. Mar. 4, 2016).

For those reasons, the Court finds that default judgment is warranted.

### E. Remedies

Plaintiff seeks two forms of compensation, totaling $1,304,300.06. D.E. 8 at 2. That amount consists of $1,248,697.23 in principal ($336,256.10 from Debt I and $912,441.13 from Debt II) plus $55,602.83 in interest ($20,505.17 from Debt I and $35,097.66 from Debt II). *See* D.E. 8, at 3; D.E. 10 Ex. D & Ex E.

The principal amount is made up of all debts and liabilities that were due to Plaintiff pursuant to the Guaranty, which have been itemized and submitted in support of Plaintiff's motion. D.E. 10 Ex. D & Ex. E. These invoices show that between May 12, 2011 and August 10, 2011, JVJ purchased $336,256.10 worth of pharmaceuticals from Plaintiff. D.E. 10 Ex. D. Subsequently, JVJ filed a voluntary petition for bankruptcy which concluded in a plan of reorganization. While the Agreement provides for an interest of 18% or the maximum rate permitted by law, D.E. 1 Ex. 3 ¶ 2.6, the plan of reorganization required JVJ to pay a 6% interest rate on Debt I to ABDC. Subsequently, from February 10, 2016 through September 28, 2016, JVJ purchased another $973,506.69 worth of pharmaceuticals from ABDC. D.E. 10 Ex. E. However, after Plaintiff filed this Complaint, Defendant paid $61,065.56 of Debt II to Plaintiff, leaving Debt II at a balance of $912,441.13. Plaintiff therefore requests Debt I, at a 6% interest rate (pursuant to the plan of reorganization) and Debt II at an 18% interest rate (pursuant to the Agreement).

Thus, Defendant owes $1,248,697.23 in principal and $55,602.83 in interest. Defendant has not appeared in this matter, and as a result, there is no evidence before the Court to contest the accuracy of the damages, which have been supported by documentation, sought by Plaintiff. Accordingly, Plaintiff is entitled to $1,304,300.06 in damages.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is granted. An appropriate Order accompanies this Opinion.

Dated: April 17, 2017.

John Michael Vazquez, U.S.D.J.